649 So.2d 1370 (1995)
In re AMENDMENTS TO the FLORIDA RULES OF JUVENILE PROCEDURE.
No. 83165.
Supreme Court of Florida.
January 26, 1995.
John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, and Daniel P. Dawson, Chairman, The Florida Bar's Juvenile Rules Committee, Orlando, for petitioner.
Lawrence G. Walters of Doran, Anderson, Walters, Rost & Selter, Daytona Beach, Louis O. Frost, Jr., Public Defender, and Ward L. Metzger, Juvenile Court Coordinator, Office of the Public Defender, Jacksonville, on behalf of the Juvenile Justice Committee of the Florida Public Defender's Ass'n, The Honorable Joseph W. Durocher, Chair, responding.
PER CURIAM.
The Juvenile Rules Committee of The Florida Bar petitions this Court to amend the Florida Rules of Juvenile Procedure. We have jurisdiction. Art. V, § 2(a), Fla. Const.
The Committee proposes amendments to: (1) rule 8.090 (speedy trial), to implement changes pursuant to the 1993 legislature's deletion of section 39.048(6) from the Florida Statutes; (2) rule 8.095 (procedure when child believed to be incompetent or insane), to provide guidance in delinquency cases involving incompetency or insanity; (3) rule 8.100(c) (general provisions for hearings), to conform to section 960.001(1)(d)3, Florida Statutes (Supp. 1992); (4) rule 8.104 (testimony by closed-circuit television), to conform to 1993 revisions to section 92.54, Florida Statutes; (5) rule 8.120 (post-disposition hearing), to conform to section 960.001(1)(d), Florida Statutes (Supp. 1992); (6) rule 8.245 (discovery), to conform to section 92.55, Florida Statutes (1991); (7) form 8.947, to conform to section 960.20, Florida Statutes (Supp. 1992); and (8) form 8.961 to conform to federal requirements for funding. The Committee has also created form 8.949 (an order form for HIV testing), which conforms with section 960.003, Florida Statutes (Supp. 1992), and form 8.950 (a restitution order form), which conforms with sections 39.022(4)(c), 39.054(1), and 775.089, of the Florida Statutes.
The proposed amendments and the additions, except for rule 8.100(c), were unanimously endorsed by the Board of Governors of The Florida Bar. We approve the amendments and additions, except for the proposed amendment to rule 8.100(c), which provides for the presence of victims and relatives of minor victims at hearings, trials, or other proceedings. The rule is a recitation of section 960.001(1)(d)3, Florida Statutes (1992), which applies to criminal and juvenile proceedings. *1371 In the absence of a like provision in the Rules of Criminal Procedure, we find that the institution of such a rule for juvenile proceedings is unnecessary. Accordingly, we decline to adopt this amendment since the presence of victims and relatives of minor victims has already been provided for by a Florida statute.
Appended is the text of the amended and added portions of the rules. Underscoring indicates new language; strike-through type indicates deletions. The committee notes are included for explanation and guidance only and are not adopted as an official part of the rules. These rules shall take effect upon the release of this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

APPENDIX
RULE 8.090 SPEEDY TRIAL
(a) Time. If a petition has been filed alleging a child to have committed a delinquent act, the child shall be brought to an adjudicatory hearing without demand within 90 days of the earlier of the following:
(1) The date the child was taken into custody.
(2) The date the petition was filed.
(b) Dismissal. If an adjudicatory hearing has not commenced within 90 days, upon motion timely filed with the court and served upon the prosecuting attorney, the respondent shall be entitled to the appropriate remedy as set forth in subdivision (km). The court before granting such motion shall make the required inquiry under subdivision (d).
(c) Commencement. A child shall be deemed to have been brought to trial if the adjudicatory hearing begins before the court within the time provided.
(d) Motion to Dismiss. If the adjudicatory hearing is not commenced within the periods of time established, the respondent shall be entitled to the appropriate remedy as set forth in subdivision (km) unless any of the following situations exist:
(1) The child has voluntarily waived the right to speedy trial.
(2) An extension of time has been ordered under subdivision (f).
(3) The failure to hold an adjudicatory hearing is attributable to the child, a co-respondent in the same adjudicatory hearing, or their counsel.
(4) The child was unavailable for the adjudicatory hearing. A child is unavailable if:
(A) the child or the child's counsel fails to attend a proceeding when their presence is required; or
(B) the child or the child's counsel is not ready for the adjudicatory hearing on the date it is scheduled.
No presumption of nonavailability attaches, but if the state objects to dismissal and presents any evidence tending to show nonavailability, the child must, by competent proof, establish availability during the term.
(5) The demand referred to in subdivision (g) is invalid.
(6) If the court finds dismissal is not appropriate, the pending motion to dismiss shall be denied, and an adjudicatory hearing shall commence within 90 days of a written or recorded order of denial.
(e) Incompetency of Child. Upon the filing of a motion to declare the child incompetent, the speedy trial period shall be tolled until a subsequent finding of the court that the child is competent to proceed.
(f) Extension of Time. The period of time established by subdivision (a) may be extended as follows:
(1) Upon stipulation, announced to the court or signed by the child or the child's counsel and the state.
(2) By written or recorded order of the court on the court's own motion or motion by either party in exceptional circumstances. The order extending the period shall recite the reasons for the extension and the length of the extension. Exceptional circumstances are those which require an extension as a matter of substantial justice to the child or *1372 the state or both. Such circumstances include:
(A) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial;
(B) a showing by the state that the case is so unusual and so complex, due to the number of respondents or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation or preparation within the periods of time established by this rule;
(C) a showing by the state that specific evidence or testimony is not available, despite diligent efforts to secure it, but will become available at a later time;
(D) a showing by the child or the state of necessity for delay grounded on developments which could not have been anticipated and which will materially affect the trial;
(E) a showing that a delay is necessary to accommodate a co-respondent, where there is a reason not to sever the cases in order to proceed promptly with trial of the respondent; or
(F) a showing by the state that the child has caused major delay or disruption of preparation or proceedings, such as by preventing the attendance of witnesses or otherwise. Exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.
(3) By written or recorded order of the court for a period of reasonable and necessary delay resulting from proceedings including, but not limited to, an examination and hearing to determine the mental competency or physical ability of the respondent to stand trial for hearings or pretrial motions, for appeals by the state, and for adjudicatory hearings of other pending charges against the child.
(g) Speedy Trial Upon Demand. Except as otherwise provided by this rule and subject to the limitations imposed by subdivision (h), the child shall have the right to demand a trial within 60 days, by filing a written pleading entitled "Demand for Speedy Trial" written demand for speedy trial filed with the court and serviceing it upon the prosecuting attorney.
(1) No later than 5 days from the filing of a demand for speedy trial, the court shall set the matter for report, with notice to all parties, for the express purposes of announcing in open court receipt of the demand and of setting the case for trial.
(2) At the report the court shall set the case for trial to commence at a date no less than 5 days nor more than 45 days from the date of the report.
(3) The failure of the court to hold such a report date on a demand which has been properly filed shall not interrupt the running of any time periods under this subdivision (g).
(4) In the event that the child shall not have been brought to trial within 50 days of the filing of the demand, the child shall have the right to the appropriate remedy as set forth in subdivision (km).
(h) Demand for Speedy Trial; Effect. A demand for speedy trial shall be deemed a pleading by the respondent that he or she is available for the adjudicatory hearing, has diligently investigated the case, and is prepared or will be prepared for the adjudicatory hearing within 5 days. A demand may not be withdrawn by the child except on order of the court, with consent of the state, or on good cause shown. Good cause for continuance or delay on behalf of the accused shall not thereafter include nonreadiness for the adjudicatory hearing, except as to matters which may arise after the demand for the adjudicatory hearing is filed and which could not reasonably have been anticipated by the accused or defense counsel.
(i) Dismissal After Demand. If an adjudicatory hearing has not commenced within 50 days after a demand for speedy trial, upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney, the child shall have the right to the appropriate remedy as set forth in subdivision *1373 (km), provided the court has made the required inquiry under subdivision (d).
(j) Effect of Mistrial, Appeal, or Order of New Trial. A child who is to be tried again or whose adjudicatory hearing has been delayed by an appeal by the state or the respondent shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the respondent, whichever is last. If the child is not brought to trial within the prescribed time periods, the child shall be entitled to the appropriate remedy as set forth in subdivision (km).
(k) Discharge from Delinquent Act or Violation of Law; Effect. Discharge from a delinquent act or violation of law under this rule shall operate to bar prosecution of the delinquent act or violation of law charged and all other offenses on which an adjudicatory hearing has not begun or adjudication obtained or withheld and that were, or might have been, charged as a lesser degree or lesser included offense.
(l) Nolle Prosequi; Effect. The intent and effect of this rule shall not be avoided by the state entering a nolle prosequi to a delinquent act or violation of law charged and by prosecuting a new delinquent act or violation of law grounded on the same conduct or episode or otherwise by prosecuting new and different charges based on the same delinquent conduct or episode, whether or not the pending charge is suspended, continued, or the subject of the entry of a nolle prosequi.
(km) Remedy for Failure to Try Respondent Within the Specified Time.
(1) No remedy shall be granted to any respondent under this rule until the court shall have made the required inquiry under subdivision (d).
(2) The respondent may, at any time after the expiration of the prescribed time period, file a motion for discharge. Upon filing the motion the respondent shall simultaneously file a notice of hearing. The motion for discharge and its notice of hearing shall be served upon the prosecuting attorney.
(3) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion and, unless the court finds that one of the reasons set forth in subdivision (d) exists, shall order that the respondent be brought to trial within 10 days. If the respondent is not brought to trial within the 10-day period through no fault of the respondent, the respondent shall be forever discharged from the crime.

Committee Notes
1991 Amendment. (k)(2)(m)(2) This rule requires a notice of hearing at the time of filing the motion for discharge to ensure that the child's motion is heard in a timely manner. A dissenting opinion in the committee was that this change does not protect the child's rights but merely ensures that the case is not dismissed because of clerical error.

RULE 8.095 PROCEDURE WHEN CHILD BELIEVED TO BE INCOMPETENT OR INSANE
(a) Incompetency At Time of Adjudicatory Hearing in Delinquency Cases.
(1) Motion.
(A) A written motion for examination of the child made by counsel for the child shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe that the child is incompetent to proceed. To the extent that it does not invade the lawyer-client privilege, the motion shall contain a recital of the specific observations of and conversations with the child that have formed the basis for the motion.
(B) A written motion for examination of the child made by counsel for the state shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe the child is incompetent to proceed and shall include a recital of the specific facts that have formed the basis for the motion, including a recitation of the observations of and statements of the child that have caused the state to file the motion.
*1374 (12) Setting Hearing. If at any time prior to or during the adjudicatory hearing, the court has reasonable grounds to believe the child named in the petition may be incompetent to proceed with an adjudicatory hearing, the court on its own motion or motion of counsel for the child or the state shall immediately stay the proceedings and fix a time for a hearing for the determination of the child's mental condition.
(23) Child Found Competent to Proceed. If at the hearing provided for in subdivision (a)(12) the child is found to be competent to proceed with an adjudicatory hearing, the court shall proceed therewithenter an order so finding and proceed accordingly.
(34) Child Found Incompetent to Proceed. If at the hearing provided for in subdivision (a)(12) the child is found to be incompetent to proceed with the adjudicatory hearing, proceedings shall be commenced for the involuntary hospitalization of the child as provided by law.
(A) If the child is not hospitalized because of the fact that the child does not meet the criteria for involuntary hospitalization according to law, the court mayshall order any appropriate nondelinquent treatment for the child in order to restore the child's competence to proceed with an adjudicatory hearing. In ordering treatment, the court also shall order the treatment provider to furnish the court and all parties with regular reports on the child's status, at times determined by the court.
(B) If the child is not hospitalized, or upon the child's release from the hospital, any interested party or the court on its own motion may call the matter up for the purpose of setting an adjudicatory hearing. If at any time during the child's hospitalization or outpatient treatment the service provider believes the child to be competent, a report shall be submitted to the court and all parties. Upon receipt of this report, the court shall set a hearing for the determination of the child's competency.
(i) If the court determines that the child continues to remain incompetent, the court shall order appropriate nondelinquent hospitalization or treatment in conformity with this rule.
(ii) If the court determines the child to be competent, it shall enter an order so finding and proceed accordingly.
(5) Speedy Trial Tolled. Upon filing of a motion by the child's counsel alleging the child to be incompetent to proceed or upon an order of the court finding a child incompetent to proceed, speedy trial shall be tolled until a subsequent finding of the court that the child is competent to proceed. Proceedings under this subdivision initiated by the court on its own motion or the state's motion may toll the speedy trial period pursuant to rule 8.090(e).
(46) Dismissal of Petition. If after any civil proceeding for involuntary hospitalization, At any time after two years after determining a child to being incompetent to proceed if the court after hearing determines, after hearing, that there is no reasonablesubstantial probability that the child will become competent for the purpose of an adjudicatory hearing in the foreseeable future and that no progress is being made toward that goal, it shallmay enter an order dismissing the petition without prejudice for the state to refile the petition within 1 year of the date of the order dismissing it.
(b) Insanity At Time of Offense Delinquent Act or Violation of Community Control.
(1) If the child named in the petition intends to plead insanity as a defense, he or she shall so advise the court in writing not less than 10 days in advance of before the adjudicatory hearing and shall provide the court with a statement of particulars showing as nearly as he or she can the nature of the insanity expected to be proved and the names and addresses of witnesses expected to prove such insanity it. Upon the filing of said this statement, upon motion of the state, or on its own motion, the court may cause the child to be examined in accordance with the procedures set forth in this rule.
(2) The court, upon good cause shown and in its discretion, may waive these requirements herein set forth and permit the introduction of suchthe defense, or may continue *1375 the hearing for the purpose of an examination in accordance with the procedures set forth in theis rule. A continuance granted for this purpose will toll the speedy trial rule and the limitation on detention pending adjudication.
(c) Appointment of Expert Witnesses; Detention of Child for Examination.
(1) Wheren a question has been raised concerning the sanity or competency of the child named in the petition and the court has set the matter for an adjudicatory hearing or a hearing to determine the mental condition of the child, the court may on its own motion, and shall on motion of the state or the child, appoint not exceedingno more than 3, nor fewer than 2, disinterested qualified experts to examine the child as to competency or sanity of the child at the time of the commission of the alleged delinquent act. Attorneys for the state and the child may be present at the examination. An examination regarding sanity should take place at the same time as the examination into the competence of the child to proceed, if the issue of competency has been raised. and testify at the hearing. Other competent evidence may be introduced at the hearing. The appointment of experts by the court shall not preclude the state or the child from calling other expert witnesses to testify at the adjudicatory hearing or at the hearing to determine the mental condition of the child.
(2) The court, in its discretion, only as provided by general law may order the child held in detention pending such examination and hearing. This rule shall in no way be construed to add any detention powers not provided by statute or case law.
(3) When counsel for a child adjudged to be indigent or partially indigent, whether public defender or court appointed, shall have reason to believe that the child may be incompetent to proceed or may have been insane at the time of the alleged delinquent act or community control violation, counsel may so inform the court. The court shall appoint 1 expert to examine the child to assist in the preparation of the defense. The expert shall report only to counsel for the child, and all matters related to the expert shall be deemed to fall under the lawyer-client privilege.
(d) Competence to Proceed; Scope of Examination and Report.
(1) Examination by Experts. On appointment by the court, the experts shall examine the child with respect to the issue of competence to proceed as specified by the court in its order appointing the experts.
(A) The experts first shall consider factors related to whether the child meets the criteria for competence to proceed; that is, whether the child has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether the child has a rational and factual understanding of the present proceedings.
(B) In considering the competence of the child to proceed, the examining experts shall consider and include in their reports the child's capacity to:
(i) appreciate the charges or allegations against the child;
(ii) appreciate the range and nature of possible penalties that may be imposed in the proceedings against the child, if applicable;
(iii) understand the adversary nature of the legal process;
(iv) disclose to counsel facts pertinent to the proceedings at issue;
(v) display appropriate courtroom behavior; and
(vi) testify relevantly.
The experts also may consider any other factors they deem to be relevant.
(2) Treatment Recommendations. If the experts find that the child is incompetent to proceed, they shall report on any recommended treatment for the child to attain competence to proceed. In considering issues related to treatment, the experts shall report on the following:
(A) The mental illness, mental retardation, or mental age causing incompetence.
(B) The treatment or education appropriate for the mental illness or mental retardation of the child and an explanation of each of *1376 the possible treatment or education alternatives, in order of recommendation.
(C) The availability of acceptable treatment or education. If treatment or education is available in the community, the experts shall so state in the report.
(D) The likelihood of the child attaining competence under the treatment or education recommended, an assessment of the probable duration of the treatment required to restore competence, and the probability that the child will attain competence to proceed in the foreseeable future.
(3) Insanity. If a notice of intent to rely on an insanity defense has been filed before an adjudicatory hearing or a hearing on an alleged violation of community control, when ordered by the court the experts shall report on the issue of the child's sanity at the time of the delinquent act.
(4) Written Findings of Experts. Any written report submitted by the experts shall:
(A) identify the specific matters referred for evaluation;
(B) describe the procedures, techniques, and tests used in the examination and the purposes of each;
(C) state the expert's clinical observations, findings, and opinions on each issue referred for evaluation by the court and indicate specifically those issues, if any, on which the expert could not give an opinion; and
(D) identify the sources of information used by the expert and present the factual basis for the expert's clinical findings and opinions.
(5) Limited Use of Competency Evidence.
(A) The information contained in any motion by the child for determination of competency to proceed or in any report filed under this rule as it relates solely to the issues of competency to proceed and commitment, and any information elicited during a hearing on competency to proceed or commitment held under this rule, shall be used only in determining the mental competency to proceed, the commitment of the child, or other treatment of the child.
(B) The child waives this provision by using the report, or any parts of it, in any proceeding for any other purpose. If so waived, the disclosure or use of the report, or any portion of it, shall be governed by the applicable rules of evidence and juvenile procedure. If a part of a report is used by the child, the state may request the production of any other portion that, in fairness, ought to be considered.
(e) Procedures after Judgment of Not Guilty by Reason of Insanity.
(1) When the child is found not guilty of the delinquent act or violation of community control because of insanity, the court shall enter such a finding and judgment.
(2) After finding the child not guilty by reason of insanity, the court shall conduct a hearing to determine if the child presently meets the statutory criteria for involuntary commitment to a residential psychiatric facility.
(A) If the court determines that the required criteria have been met, the child shall be committed to the department for immediate placement in a residential psychiatric facility.
(B) If the court determines that such commitment criteria have not been established, the court, after hearing, shall order that the child receive recommended and appropriate treatment at an outpatient facility or service.
(C) If the court determines that treatment is not needed, it shall discharge the child.
(D) Commitment to a residential psychiatric facility of a child adjudged not guilty by reason of insanity shall be governed by the provisions of chapter 394, Florida Statutes, except that requests for discharge or continued involuntary hospitalization of the child shall be directed to the court that committed the child.
(E) If a child is not committed to a residential psychiatric facility and has been ordered to receive appropriate treatment at an outpatient facility or service and it appears during the course of the ordered treatment.
*1377 (i) that treatment is not being provided or that the child now meets the criteria for hospitalization, the court shall conduct a hearing pursuant to subdivision (e)(2) of this rule.
(ii) that the child no longer requires treatment at an outpatient facility or service, the court shall enter an order discharging the child.
(F) During the time the child is receiving treatment, either by hospitalization or through an outpatient facility or service, any party may request the court to conduct a hearing to determine the nature, quality, and need for continued treatment. The hearing shall be conducted in conformity with subdivision (e)(2) of this rule.
(G) No later than 30 days before reaching age 19, a child still under supervision of the court under this rule shall be afforded a hearing. At the hearing, a determination shall be made as to the need for continued hospitalization or treatment. If the court determines that continued care is appropriate, proceedings shall be initiated under chapter 394, Florida Statutes. If the court determines further care to be unnecessary, the court shall discharge the child.

RULE 8.100 GENERAL PROVISIONS FOR HEARINGS
Unless otherwise provided, the following provisions apply to all hearings:
(a) Presence of the Child. The child shall be present unless the court finds that the child's mental or physical condition is such that a court appearance is not in the child's best interests.
(b) Absence of the Child. If the child is present at the beginning of a hearing and shall thereafter during the progress of the hearing voluntarily absents himself or herself from the presence of the court without leave of the court, or is removed from the presence of the court because of disruptive conduct during the hearing, the hearing shall not thereby be postponed or delayed, but shall proceed in all respects as if the child were present in court at all times.
(c) Invoking the Rule. Prior to the examination of any witness the court may, and on the request of any party in an adjudicatory hearing shall, exclude all other witnesses. The court may cause witnesses to be kept separate and to be prevented from communicating with each other until all are examined.
(d) Continuances. The court may grant a continuance before or during a hearing for good cause shown by any party.
(e) Record of Testimony. A record of the testimony in all hearings shall be made by an official court reporter, a court approved stenographer, or a recording device. The records shall be preserved for 5 years from the date of the hearing. Official records of testimony shall be transcribed only upon order of the court.
(f) Notice. Wheren these rules do not require a specific notice, all parties will be given reasonable notice of any hearing.

RULE 8.104 TESTIMONY BY CLOSED-CIRCUIT TELEVISION
(a) Requirements for Use. In any case involving allegations of sexual abuse, the trial court may order the testimony of a victim or witness under the age of 16 to be taken outside the courtroom and shown by means of closed-circuit television if on motion and hearing in camera, the trial court determines that the victim or witness would suffer at least moderate emotional or mental harm due to the presence of the defendant child if the witness is if required to testify in open court.
(b) Persons Who May File Motion. The motion may be filed by:
(1) the victim or witness or his or her attorney, parent, legal guardian, or guardian ad litem;
(2) the trial judge on his or her own motion;
(3) the prosecuting attorney; or
(4) the defendant child or his or her counsel.
(c) Person Who May Be Present During Testimony. Only the judge, prosecutor, witness or victim, attorney for the witness or victim, defendant child's attorney, operator of *1378 the equipment, an interpreter, and some other person who in the opinion of the court contributes to the well-being of the victim or witness and who will not be a witness in the case may be in the room during the recording of the testimony.
(d) Presence of Defendant Child. During the testimony of the victim or witness by closed-circuit television, the court may require the defendant child to view the testimony from the courtroom. In such case, the court shall permit the defendant child to observe and hear the testimony, but shall ensure that the victim or witness cannot hear or see the defendant child. The judge and defendant child and the persons in the room where the victim or witness is testifying may communicate defendant child's right to assistance of counsel, which includes the right to immediate and direct communication with counsel conducting cross examination, shall be protected and, on the defendant child's request, such communication shall be provided by any appropriate electronic method.
(e) Findings of Fact. The court shall make specific findings of fact on the record as to the basis for its ruling under this rule.
(f) Time for Motion. The motion referred to in subdivision (a) may be made at any time with reasonable notice to each party.
Committee Notes
1992 Adoption. Addition of this rule is mandated by section 92.55, Florida Statutes (1989).

RULE 8.120 POSTDISPOSITION HEARING
(a) Revocation of Community Control Programs. A child who has been placed in a community control program may be brought before the court by the agent supervising the child's community control or by the state attorney on a petition alleging the violation of the program. All interested persons, including the child, shall have an opportunity to be heard. After such hearing, the court shall enter an order revoking, modifying, terminating, or continuing the community control program. Upon the revocation of the program, the court shall, when the child has been placed in a community control program and adjudication has been withheld, adjudicate the child delinquent. In all cases after a revocation of the program, the court shall enter a new disposition order.
(b) Retention of Authority Over Discharge. When the court has retained authority over discharge of a delinquent child from placement or commitment as provided by law, prior to any discharge from placement or commitment, the Department of Health and Rehabilitative Services shall notify the court, the state attorney, the victim of the offense or offenses for which the child was placed under supervision of the department, and the child of its intention to discharge the child. Thereafter, any interested party may request a hearing, within the time prescribed by law, to address the discharge.

RULE 8.245 DISCOVERY
(a) Required Disclosure.
(1) At any time after the filing of a petition alleging a child to be a dependent child or a petition for termination of parental rights, on written demand of any party, the party to whom the demand is directed shall disclose and permit inspecting, copying, testing, or photographing matters material to the cause.
(2) The following information shall be disclosed by any party upon demand:
(A) The names and addresses of all persons known to have information relevant to the proof or defense of the petition's allegations.
(B) The statement of any person furnished in compliance with the preceding paragraph. The term "statement" as used herein means a written statement made by said person and signed or otherwise adopted or approved by the person, or a stenographic, mechanical, electrical, or other recording, or a transcript thereof, or which is a substantially verbatim recital of an oral statement made by said person to an officer or agent of the state and recorded contemporaneously with the making of such oral statement. The court may prohibit any party from introducing in evidence the material not disclosed, so as to *1379 secure and maintain fairness in the just determination of the cause.
(C) Any written or recorded statement and the substance of any oral statement made by the demanding party or a person alleged to be involved in the same transaction.
(D) Tangible papers or objects belonging to the demanding party which are to be used at the adjudicatory hearing.
(E) Reports or statements of experts, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
(3) The petitioner shall be entitled to reciprocal discovery but shall not be entitled to initiate discovery under this rule, and the court may, for good cause shown, deny or partially restrict the disclosures provided for discovery sought by subdivisions (a)(1) and (2) of this rule.
(4) The disclosures required by subdivision (a) of this rule shall be made within 5 days from the receipt of the demand therefor.
(b) Limitations on Disclosure.
(1) Upon application, the court may deny or partially restrict disclosure authorized by this rule if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from such disclosure, which outweighs any usefulness of the disclosure to the party requesting it.
(2) Disclosure shall not be required of legal research or of records, correspondence, or memoranda, to the extent that they contain the opinion, theories, or conclusions of the prosecuting or defense attorneys or members of their legal staff.
(c) Depositions.
(1) Time and Place.
(A) At any time after the filing of the petition alleging a child to be dependent or a petition for termination of parental rights, any party may take the deposition upon oral examination of any person who may have information relevant to the allegations of the petition.
(B) The deposition shall be taken in a building where the adjudicatory hearing may be held, in such other place as agreed upon by the parties, or where the trial court may designate by special or general order. A resident of the state may be required to attend an examination only in the county wherein he or she resides, is employed, or regularly transacts business in person.
(2) Procedure.
(A) The party taking the deposition shall give written notice to each other party. The notice shall state the time and place the deposition is to be taken and the name of each person to be examined.
(B) Upon application the court or its clerk shall issue subpoenas for the persons whose depositions are to be taken.
(C) After notice to the parties the court, for good cause shown, may extend or shorten the time and may change the place of taking.
(D) Except as otherwise provided by this rule, the procedure for taking the deposition, including the scope of the examination, shall be the same as that provided by the Florida Rules of Civil Procedure.
(3) Use of Deposition. Any deposition taken pursuant hereto may be used at any hearing covered by these rules by any party for the following purposes:
(A) For the purpose of impeaching the testimony of the dependent as a witness.
(B) For testimonial evidence, when the deponent, whether or not a party, is unavailable to testify because:
(i) He or she is dead.
(ii) He or she is at a greater distance than 100 miles from the place of hearing or is out of the state unless it appears that the absence of the witness was procured by the party offering the deposition.
(iii) The party offering the deposition has been unable to procure the attendance of the witness by subpoena.
(iv) He or she is unable to attend or testify because of age, illness, infirmity, or imprisonment.
*1380 (v) It has been shown on application and notice that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.
(vi) The witness is an expert or skilled witness.
(4) Use of Part of Deposition. If only part of a deposition is offered in evidence by a party, an adverse party may require the party to introduce any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
(5) Refusal to Obey Subpoena. A person who refuses to obey a subpoena served upon the person for the taking of a deposition may be adjudged in contempt of the court from which the subpoena issued.
(6) Limitations on Use. Except as provided in subdivision (3), no deposition shall be used or read in evidence when the attendance of the witness can be procured. If it shall appear to the court that any person whose deposition has been taken has absented himself or herself by procurement, inducements, or threats by or on behalf of any party, the deposition shall not be read in evidence on behalf of that party.
(d) Perpetuating Testimony Before Action or Pending Appeal.
(1) Before Action.
(A) Petition. A person who desires to perpetuate the person's own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show:
(i) that the petitioner expects to be a party to an action cognizable in a court of Florida, but is presently unable to bring it or cause it to be brought;
(ii) the subject matter of the expected action and the person's interest therein;
(iii) the facts which the person desires to establish by the proposed testimony and the reasons for desiring to perpetuate it;
(iv) the names or a description of the persons expected to be adverse parties and their names and addresses so far as known; and
(v) the names and addresses of the persons to be examined and the substance of the testimony expected to be elicited from each and asking for an order authorizing the petitioner to take the deposition of the persons to be examined named in the petition for the purpose of perpetuating their testimony.
(B) Notice and Service. The petitioner shall thereafter serve a notice on each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court at a time and place therein for an order described in the petition. At least 20 days before the date of the hearing, the notice shall be served either within or without the county in the manner provided by law for serving of summons but if such service cannot with due diligence be made on any expected adverse party named in the petition, the court may make an order for service by publication or otherwise and shall appoint an attorney for persons not served in the manner provided by law for service of summons who shall represent them and, if they are not otherwise represented, shall cross-examine the deponent.
(C) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the deposition shall be taken on oral examination or written interrogatories. The deposition may then be taken in accordance with these rules and the court may make orders in accordance with the requirements of these rules. For the purpose of applying these rules to depositions for perpetuating testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed.
*1381 (D) Use of Deposition. If a deposition to perpetuate testimony is taken under these rules, it may be used in any action involving the same subject matter subsequently brought in any court of Florida in accordance with the provisions of subdivision (c)(3).
(2) Pending Appeal. If an appeal has been taken from a judgment of any court or before the taking of an appeal if the time therefor has not expired, the court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the court. In such case the party who desires to perpetuate the testimony may make a motion for leave to take the deposition upon the same notice and service as if the action were pending in the court. The motion shall show the names and addresses of persons to be examined and the substance of the testimony expected to be elicited from each and the reasons for perpetuating the testimony. If the court finds that the perpetuation is proper to avoid a failure or delay in justice, it may make orders of the character provided for by this rule and thereupon the deposition may be taken and used in the same manner and under the same conditions as are prescribed in these rules for depositions taken in actions pending in the court.
(3) Perpetuation Action. This rule does not limit the power of a court to entertain an action to perpetuate testimony.
(e) Rules Governing Depositions of Children Under 16. Except as otherwise provided, the rules governing the taking and filing of oral depositions, and objections thereto; the issuing, execution and return of commissions; and the opening of depositions, under the Florida Rules of Civil Procedure, shall apply in cases covered by these rules.
(1) The taking of a deposition of a child witness or victim under the age of 16 may be limited or precluded by the court for good cause shown.
(2) The court after proper notice to all parties and an evidentiary hearing, based on good cause shown, may set conditions for the deposition of a child under the age of 16 including:
(A) designating the place of the deposition;
(B) designating the length of time of the deposition;
(C) permitting or prohibiting the attendance of any person at the deposition;
(D) requiring the submission of questions before the examination;
(E) choosing a skilled interviewer to pose the questions;
(F) limiting the number or scope of the questions to be asked; or
(G) any other conditions the court feels are necessary for the protection of the child.
(3) Good cause is shown based on, but not limited to, one or more of the following considerations:
(A) The age of the child.
(B) The nature of the allegations.
(C) The relationship between the child victim and the alleged abuser.
(D) The child has undergone previous interviews for the purposes of criminal or civil proceedings that were recorded either by videotape or some other manner of recording and the requesting party has access to the recording.
(E) The examination would adversely affect the child.
(F) The manifest best interests of the child require the limitations or restrictions.
(4) The court, in its discretion, may order the consolidation of the taking of depositions of a child under the age of 16 when the child is the victim or witness in a pending proceeding arising from similar facts or circumstances.
(f) Supplemental Discovery. If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material which the party would have been under a duty to disclose or produce at the time of such previous compliance, the party shall promptly disclose or produce such witnesses, evidence, or material in the same manner as required under these rules for initial discovery.
*1382 (g) Sanctions.
(1) If at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may:
(A) order such party to comply with the discovery or inspection of materials not previously disclosed or produced;
(B) grant a continuance;
(C) order a new hearing;
(D) prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed; or
(E) enter such order as it deems just under the circumstances.
(2) Willful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanction by the court.

Committee Note
1991 Amendment: (a)(1) Termination of parental rights proceedings have been added to discovery procedures.
FORM 8.947 DISPOSITION ORDER  DELINQUENCY
 DISPOSITION ORDER
 Based on the petition filed on ________ (date) _______, the child,
 _______ (name) ________, being duly represented by __________ (name)
 ________, attorney of record, and having previously
 ____ Been found guiltyto have committed the following delinquent act(s)
 at an adjudicatory hearing of the following:
 ____ Entered a plea of guilty/nolo contendere to the following:
 STATUTE DEGREE OF
 COUNT OFFENSE NUMBER OFFENSE
 ______ _______ _______ _________
 ______ _______ _______ _________
 The predisposition study prepared by the Department of Health and
 Rehabilitative Services was received and considered, as was all other
 relevant and material evidence offered, and no cause having been shown why
 the disposition should not be entered at this time, it is the ORDER OF THE
 COURT that:
 ____ Adjudication of delinquency is withheld.
 ____ The child is adjudicated delinquent.
 The child is hereby:
 ____ Placed on community control under the supervision of ______ (program)
 ______ with the following conditions specified in this order
 _________________
 ____ Placed on community control under the supervision of the Department
 of Health and Rehabilitative Services with the following conditions
 specified in this order._______________________
 ____ Committed to a licensed child caring agency or the Department of
 Health and Rehabilitative Services. The court orders the child
 placed in ___________ level. The placement is for an indeterminate
 period, but no longer than the maximum sentence allowable by law or
 the child's 19th birthday. The child is allowed ______ days credit
 for time spent in detention or incarceration before this date.
 and uUpon release the child ______ shall/shall not _______
 to be placed on community control under the following
 conditions specified in this order. ___________________
 ____ Placed in the serious or habitual juvenile offender program as the
 child meets the criteria in section 39.058, Florida Statutes. The
 placement shall be for an indeterminate period but no longer than the
 maximum sentence allowable by law or the child's
*1383
 21st birthday. The child is allowed _____ days credit for time spend
 in detention or incarceration before this date.
 ____ Ordered to ______ remain in/be released from ______ detention. The
 removal of the child from detention and placement into a commitment
 program shall occur within 5 days, excluding Saturday, Sunday, and
 legal holidays.
 Placement Alternatives
 Pursuant to subsection 39.09(3)(e), Florida Statutes, placement is
 recommended in the following order:
 1. ________________________________________
 2. ________________________________________
 3. ________________________________________
 4. ________________________________________
 ____ The child meets the serious or habitual juvenile offender program
 criteria as set forth in subsection 39.05, Florida Statutes, and
 shall be placed in such program as required by law.
 This court _____ does/does not _____ retain jurisdiction over
 discharge from commitment.
 The removal of this child from detention and placement of the
 child into a commitment program shall occur within five days, excluding
 Saturdays, Sundays, and legal holidays.
 The placement is for an indeterminate period but no longer than:
 ____ The child's nineteenth birthday.
 ____ The maximum sentence allowable by law allowing ______ days credit
 for time spent in detention or incarceration before this date.
 ____ Until otherwise released and discharged, whichever occurs first.
 Provisions Of Community Control
 It is FURTHER ORDERED that the child shall comply with the following
 sanctions:
 1. Remain at liberty without violating any laws.
 ____ obey the law in all respects.
 ____ live and reside in the home of _____ (name) _____ and accept
 reasonable controls and discipline in that home.
 ____ successfully complete ______ hours of community service work.
 ____ have a curfew of ______ p.m. Sunday through Thursday and ______ p.m.
 Friday and Saturday, unless in the company of a parent or responsible
 adult designated by the parent.
 2. __ Aattend school every day, each class assigned, unless excused
 by school authorities, abiding by all rules and regulations of school
 authorities relating to conduct and citizenship in and around school
 grounds and while coming to and leaving school to avoid being
 suspended, or maintain full/part-time employment.
 ____ not associate with _____ (name) _____
 ____ observe a _______________ in the adult division of the circuit
 court and bring verification to the community control counselor.
 ____ not use or possess alcoholic beverages or controlled substances.
 ____ participate in a mental health assessment through ______
 (name or agency) ______ and follow through with any recommended
 therapy or treatment.
 ____ write a letter of apology to ______ (name) _____ and submit it to
 the community control counselor within 30 days of this order.
*1384
 ____ have _____ his/her ______ driver's license _____ deferred/suspended
 _____ for _____ (time period) ______ The child ______ may/may not
 _____ seek a permit for business purposes only.
 ____ write a _____ word essay on ______ (topic) _____ and provide a copy
 to the community control counselor within 30 days of this order.
 3. __ Ccooperate fully and maintain contact with your community control
 counselor as directed.
 ____ have no contact with the victim, ______ (name) ______
 4. __ nNot change place of residence without prior knowledge and consent of
 the community control counselor.
 ____ not possess any firearms or weapons.
 ____ pay restitution in the amount of $ _____ The court finds
 that the child _____ does/does not ______ have the ability to pay
 and ______ payment/community service work ______ shall be in the
 amount of ______ ______ The parents, ______ (names) ______, ______
 shall/shall not ______ be responsible for restitution in the amount
 of $ _____ Payments shall be made to the clerk of the circuit court.
 ____ pay $50 to the Crimes Compensation Trust Fund, payable to the clerk of
 the circuit court.
 ____ pay $ ____ to the Crimes Compensation Trust Fund, payable to the
 clerk of the circuit court, for reimbursement of expenses for initial
 examination of the victim under section 960.28, Florida Statutes.
 ____ participate in a tour of an adult correctional facility.
 ____ other: ____________________
 5. Not use intoxicants, nor visit places where intoxicants, drugs, or
 other dangerous substances are sold, dispensed, or used.
 6. Obey the reasonable demands of parents or guardians.
 Special Provisions
 (Check those applicable)
 ____ Abide by a curfew: ____________________
 ____ Pay restitution as follows: ____________________
 ____ Participate in counseling as directed.
 ____ Perform ______ hours community service work.
 ____ Have no contact with the victim in this case.
 ____ Participate in a tour of an adult correctional facility.
 ____ Write a letter of apology to the victim in this case.
 ____ Write an essay on ____________________
 ____ Other: ____________________
 The parties are advised that an appeal is authorized by law within 30
 days from the daterendering of this order.
 FINGERPRINTS OF CHILD
 Fingerprints Taken by:
 __________________________________________
 _______ name and title ___________________
*1385
 DONE AND ORDERED in open court at ______ (city) ______,
 ____________________ County, Florida, on _______ (date) ______
 I HEREBY CERTIFY that the above fingerprints are the fingerprints of
 the child, ______ (name) ______, and that they were placed hereon by said
 child taken and placed on this order in my presence in open court this
 date.
 ____________________________________
 Circuit Judge
 FORM 8.949 ORDER FOR HIV TESTING
 ORDER FOR HUMAN IMMUNODEFICIENCY VIRUS
 (HIV) TESTING
 The court having been requested by the _____ victim/victim's legal
 guardian/minor victim's parent ______ for disclosure of the child's HIV
 test results FINDS that:
 The child, ______ (name) ______, ______ is alleged by petition for
 delinquency to have committed/has been adjudicated delinquent for ______ a
 sexual offense proscribed in chapter 794 or section 800.04, Florida
 Statutes, involving the transmission of body fluids from one person to
 another.
 It is ORDERED AND ADJUDGED that:
 1. The child, _____ (name) ______, shall immediately undergo Human
 Immunodeficiency Virus testing.
 2. The testing shall be performed under the direction of the
 Department of Health and Rehabilitative Services in accordance with section
 381.004, Florida Statutes.
 3. The results of the test performed on the child pursuant to this
 order shall not be admissible in any juvenile proceeding arising out of the
 ______ alleged sexual offense/sexual offense ______
 4. The results of the test shall be disclosed, under the direction of
 the department, to the child and to the ______ victim/victim's legal
 guardian/minor victim's parent ______ The department shall ensure that the
 provisions of section 381.004, Florida Statutes, for personal counseling are
 available to the party requesting the test results.
 DONE AND ORDERED at __________________, Florida, ______ (date) _____
 _________________________________________
 Circuit Judge
 FORM 8.950 RESTITUTION ORDER
 JUDGMENT AND RESTITUTION ORDER
 THIS CAUSE was heard on _____ (date) ______, on the state's motion for
 an order requiring the child, born ______ (date) ______, or ______ his/her
 ______ parent(s), to pay restitution costs for the benefit of the victim
 pursuant to sections 39.022(4)(c), 39.054(1), and 775.089, Florida Statutes.
 Name of victim: ____________________
 Attorney or Advocate: ____________________
 Address: ____________________
 The court being fully advised in the premises, it is ORDERED AND ADJUDGED:
 The state's motion is granted and the ______ child/child's parent(s),
 ______ (name(s)) ______, ______ shall pay restitution for the benefit of
 the victim named above as follows:
*1386
 ____ $ _____ for medical and related services and devices relating to
 physical, psychiatric, and psychological care, including nonmedical
 care rendered in accordance with a recognized method of healing.
 ____ $ _____ for necessary physical and occupational therapy and
 rehabilitation.
 ____ $ _____ to reimburse the victim for income lost as a result of the
 offense.
 ____ $ _____ for necessary funeral and related services, if the offense
 caused bodily injury resulting in the death of the victim.
 ____ $ _____ for damages resulting from the offense.
 ____ $ _____ for ____________________
 The total amount of restitution due is $ _____
 Payment shall be made to the clerk of the circuit court.
 Payment schedule:
 ____ Installment payments of $ _____ payable on a ______
 weekly/monthly ______ basis.
 ____ Payment is due in full.
 ____ The court finds that the ______ child/child's parent(s) ______ ______
 has/have ______ inability to pay and orders the child to perform ______
 hours of community service in lieu of ______ partial/total ______
 restitution.
 The court retains jurisdiction over this child beyond _______
 his/her ______ nineteenth birthday in order to enforce the provisions of
 this order and retains jurisdiction to modify the restitution in this
 case.
 Other, specified conditions: ____________________
 IT IS FURTHER ORDERED AND ADJUDGED that the clerk of the court shall
 provide the victim named above a certified copy of this order for the victim
 to record this judgment as a lien, pursuant to section 55.10, Florida
 Statutes.
 IT IS FURTHER ORDERED AND ADJUDGED that this judgment may be enforced
 by the state or the victim in order to receive restitution in the same
 manner as a judgment in a civil action. Execution shall issue for all
 payments required under this order.
 DONE AND ORDERED AT ______ (city) _______, ______ (county) ______,
 Florida, on ______ (date) ______
 __________________________________________
 CIRCUIT JUDGE
 Copies to:
 State Attorney
 Counsel for Child
 Victim
 Department of Health and Rehabilitative Services
 Parent(s)
 FORM 8.961 DETENTION SHELTER ORDER
 DETENTION SHELTER ORDER (DEPENDENCY)
 Name ____________________
 Address ____________________
 Date of birth _________ Sex _________
 Taken into custody: Date __________ Time __________
 ____ There is probable cause to believe that the child(ren) ______
 is/are _____ dependent based on allegations of abuse, abandonment, or
 neglect.
 There is need for:
*1387
 ____ Shelter, because a determination has been made that the provision of
 appropriate and available services will not eliminate the need for
 placement
 ____ To protect the child.
 ____ There is no responsible parent, adult relative, or
 legal custodian to whom the child may be released.
 ____ The department has made a reasonable effort to prevent or eliminate
 the need for the removal of the child from the home by
 ____________________
 ____ The department's first contact with the child or ______ his/her ______
 family occurred during an emergency.
 ____ The child(ren) ______ is/are ______ committed to the temporary legal
 custody of ______ the Department of Health and Rehabilitative
 Services/______ (specify) ______
 ____ The child(ren) ______ is/are ______ placed in the temporary legal
 custody of _____ (adult relative) _____/_____ (other, specify) ______
 ____ The Department of Health and Rehabilitative Services is authorized to
 provide medical services and emergency major surgery as deemed
 necessary.
 ____ The special conditions of supervision, placement, visitation,
 evaluation, counseling, or treatment imposed by the court are
 ____________________
 ____ The person or entity responsible for monitoring services to the child
 (ren) or family is ____________________
 ____ The guardian ad litem shall ____________________
 ____ The case shall be reviewed ____________________
 ____ Other: ___________________
 ____ A finding of probable cause cannot be made at this time. Evidence of
 probable cause must be presented to the court within 72 hours from the
 time the child(ren) ______ was/were ______ taken into custody or the
 child(ren) will be released.
 Placement is necessary to
 ____ protect the child(ren); or
 ____ because the child(ren) _____ has/have _____ no parent, legal
 custodian, or responsible adult relative to supervise and care
 for the child(ren).
 Reasonable efforts have been made to prevent or eliminate the need for
 removal of the child(ren) from the home, and the removal of the child(ren)
 from the home is in the best interests of the child(ren) and necessary to
 protect the child(ren)'s safety and well-being.
 Continuation of the child(ren) in the home would be contrary to the
 welfare of the child(ren). Specifically the court finds that:
 ____ The child(ren) ______ cannot/could not ______ be protected in
 in home ______ even though/if ______ appropriate and available
 preventive services ______ were/are ______ provided because
 ____________________
 ____ An emergency existed in which the child(ren) ______
 cannot/could not ______ safely remain at home, because ______
 there were no preventive services which could ensure the safety
 of the child(ren) even with appropriate and available services
 being provided the safety of the child(ren) could not be ensured
 ______
 ____ Reasonable efforts have been made to return the child(ren) to
 their home, specifically: ____________________
 ____ The ______ parent(s)/guardian/custodian ______ ______ was/were ______
 present at the hearing
 ____ with counsel, ______ (name) ______
 ____ without counsel, and were informed of their right to have legal
 counsel.
 ____ The ______ parent(s)/guardian/custodian ______ ______ was/were ______
 not present at the hearing although reasonable attempts were made by
 the Department of Health and Rehabilitative Services to notify them.
 Their presence is not necessary to the validity of this hearing.
*1388
 It is, therefore,
 ORDERED AND ADJUDGED, as follows:
 ____ The Department of Health and Rehabilitative Services is authorized to
 place or continue ______ this/these ______ child(ren) in shelter care
 until further order of this court.
 ____ This placement shall not change without further order of this court.
 ____ The Department of Health and Rehabilitative Services is authorized to
 place the child(ren) in the care of ______ (name) _____, ______
 (address) ______, who is a responsible adult relative willing and able
 to provide supervision and care for the child(ren).
 ____ In the absence of a parent, legal guardian, or other legal custodian,
 the department and its agents, including an adult relative designated
 by the department, are hereby authorized to provide consent for and to
 obtain ordinary and necessary medical and dental treatment and
 examination for the above child(ren), including blood testing deemed
 medically appropriate, and necessary preventative care, including
 ordinary immunizations and tuberculin testing.
 Special conditions: ____________________
 ORDERED at ____________________, Florida, on ______ (date) ______, at
 ______ (time) ______
 _______________________________________
 Circuit Judge