PER CURIAM.
Petitioner, a child, seeks a writ of prohibition to prevent the lower court from exercising any further jurisdiction in delinquency proceedings in the underlying case beyond entering an order of discharge. The child was nine years old at the time of arrest for criminal mischief. After the expiration of the ninety day speedy trial period, the child filed a motion for discharge pursuant to Florida Rule of Juvenile Procedure 8.090(m). At the hearing on the motion, the court approved the State’s motion for a competency assessment and stayed proceedings pending the outcome of the assessment. The child argues that because he was not brought to trial within the fifteen day recapture period provided for by rule 8.090(m), he should be discharged. We deny the writ of prohibition, concluding that the issue of the child’s competency must be addressed before the adjudicatory hearing.
The child relies on C.D. v. State, 865 So.2d 605 (Fla. 4th DCA 2004) (en banc), to support his position that rule 8.090 provides a bright line under which, at a hearing on a motion for discharge, a court must review the factors in subsection (d) and if none of them applies, the State must bring the case to trial within the recapture period provided by subsection (m) or discharge the juvenile. While C.D. addresses the parameters of the juvenile speedy trial rule 8.090, the case makes no reference to the rule’s relationship to rule 8.095 regarding the procedure that must be followed when the child is believed to be incompetent or insane. Florida Rule of Juvenile Procedure 8.095(a)(2) provides:
If at any time prior to or during the adjudicatory hearing or hearing on a violation of juvenile probation the court has reasonable grounds to believe the child named in the petition may be incompetent to proceed with an adjudicatory hearing, the court on its own motion or motion of counsel for the child or the state shall immediately stay the proceedings and fix a time for a hearing for the determination of the child’s mental condition.
Of note, rule 8.095(a)(2) permits a competency hearing to be set “at any time prior to or during the adjudicatory hearing.” The language could hardly be more expansive. Allowing such an unrestricted time span in which to assess a child’s competency signifies that the legislature considers the competency question not a one-time concern but, on the other hand, an ongoing and continuing issue that colors the development of juvenile proceedings.
In reconciling rules 8.090 and 8.095, we rely on the principle that the provision enacted latest in time should prevail. See Sharer v. Hotel Corp. of Am., 144 So.2d 813 (Fla.1962). The substantial language contained in today’s rule 8.090(m) was enacted in 1988. See In re Amendments to Florida Rule of Juvenile Procedure 8.180 (Speedy Trial), 536 So.2d 199, 202 (Fla. 1988). However, rule 8.095 was substantially renumbered and revised in 1995. See In re Amendments to the Florida Rules of Juvenile Procedure, 649 So.2d 1370, 1370-74 (Fla.1995). The fact that rule 8.095 was amended after the implementation of the rule regarding discharge *475 of a ease creates the presumption that the competency rule provisions should prevail.
This court has recently addressed the primacy of competency evaluations in the prosecution of juveniles, finding in Tate v. State, 864 So.2d 44 (Fla. 4th DCA 2003), that the trial court’s failure to order, sua sponte, a pre-trial competency evaluation constituted a violation of the child’s due process rights where the child committed the crime at the age of twelve but had a developmental age of nine or ten.
In the instant case, there is a legitimate question of competency when a child, aged nine, will be subjected to delinquency proceedings. The expansive language of rule 8.095(a)(2), the consideration for the due process rights of a child-defendant, and the fact that rule 8.095(a)(2) was implemented after rule 8.090(m) lead us to conclude that the trial court was correct to stay proceedings to assess the competency of the child.
PETITION DENIED.
POLEN, SHAHOOD and GROSS, JJ., concur.