636 So.2d 815 (1994)
The STATE of Florida, Appellant,
v.
William TURNER, Appellee.
No. 93-2836.
District Court of Appeal of Florida, Third District.
May 3, 1994.
*816 Robert A. Butterworth, Atty. Gen., and Paulette R. Taylor, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellee.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
SCHWARTZ, Chief Judge.
The appellee Turner was charged with the third degree felony of possession of cocaine. Although, because of his prior multiple felony convictions, the state objected and notwithstanding that section 948.08(2), Florida Statutes (1993)[1] explicitly requires the consent of the state attorney, the "drug court" wrongly offered and Turner voluntarily agreed to his placement in a pretrial intervention program which involved a regimen of drug treatment and rehabilitation. Turner successfully completed the program. When the cause then recurred before the circuit court, the trial judge, again over the emphatic objection of the state, dismissed the prosecution. The state now appeals and we reverse.
It is apparent that as in several similar cases, the order of dismissal represents an unjustified judicial interference with the prosecutorial function which is not only unwarranted as a general proposition, but is in *817 this case in direct contradiction with the explicit statutory admonition that, whenever a defendant has entered and completed a pretrial intervention program,
[t]he state attorney shall make the final determination as to whether the prosecution shall continue.
§ 948.08(5), Fla. Stat. (1993)[2]; see Cleveland v. State, 417 So.2d 653 (Fla. 1982) (pretrial diversion decision of state attorney is prosecutorial in nature and thus not subject to judicial review); State v. Board, 565 So.2d 880 (Fla. 5th DCA 1990) (order requiring reinstatement of defendant's pretrial intervention pending review of decision to revoke it reversed; present issue of defendant's entitlement to dismissal reserved); State v. Bryant, 549 So.2d 1155 (Fla. 3d DCA 1989) (state, not trial court, makes decision whether to prosecute); State v. Winton, 522 So.2d 463 (Fla. 3d DCA 1988) (trial court cannot second-guess state's decision to withhold consent to defendant's entry into pretrial intervention program); State v. Brown, 416 So.2d 1258 (Fla. 4th DCA 1982) (court improperly dismissed information where state attorney determined to prosecute); In the Interest of S.R.P., 397 So.2d 1052 (Fla. 4th DCA 1981) (decision to file nolle prosse vested solely in discretion of state); State v. Jogan, 388 So.2d 322 (Fla. 3d DCA 1980) (state attorney has sole discretion to either prosecute or nolle prosse a defendant).
On appeal, the defendant does not take issue with these principles or their application to the order under review. By way of confession and avoidance, however, Turner contends that the state's failure immediately to petition for prohibition or otherwise challenge his plainly unauthorized initial admission into the program  which would have been automatically successful, Cleveland  with the result that he was "allowed" to complete the lengthy program successfully, results in the state's being guilty of "laches" or somehow "estopped" to challenge the propriety of the dismissal. We cannot agree.
Both laches and estoppel require detrimental and reasonable reliance upon another's inordinate delay or inequitable conduct respectively. 35 Fla.Jur.2d Limitations and Laches § 91 (1982); 22 Fla.Jur.2d Estoppel and Waiver §§ 54-56 (1980). But Turner could not reasonably have relied upon the dismissal of the case against him if he successfully completed the program. This is because the statute specifically provides that even if he did, and even if the state had not objected previously, it still retained the absolute authority to do just what it did in this case: decide to continue the prosecution. Furthermore, any otherwise unwarranted misapprehension to this effect was dispelled by the fact that the state did object to his initial placement. Thus, the later, completely consistent assertion of its right to continue the prosecution did not even constitute the change in position which is so often the basis of an estoppel. See 22 Fla.Jur.2d Estoppel and Waiver §§ 48-53 (1980). Finally, no authority has been cited or discovered which would require the state affirmatively to challenge an admittedly incorrect ruling, to which it had already objected, and which could not in any event statutorily affect the later assertion of the one now in question. See Monroe County v. Hemisphere Equity Realty, Inc., 634 So.2d 745 (Fla. 3d DCA 1994).[3]
Moreover, properly viewed, Turner's participation in the drug program cannot be considered either a "detriment" to him or as conferring only a "benefit" on the state. It is obvious that Turner voluntarily agreed to participate in and completed the program not to secure a dismissal of a particular prosecution; as we have seen, he was bound to know that it might not have that effect. To the contrary, he must be deemed to have entered *818 into the program largely, if not entirely, to help himself and his family. And he will retain the benefits of his success whether the possession charge is pursued or not.[4],[5]
For these reasons, we reverse the order under review and remand for reinstatement of the information and for further consistent proceedings.
NOTES
[1] 948.08 Pretrial intervention program.

(1) The department shall supervise pretrial intervention programs for persons charged with a crime, before or after any information has been filed or an indictment has been returned in the circuit court. Such programs shall provide appropriate counseling, education, supervision, and medical and psychological treatment as available and when appropriate for the persons released to such programs.
(2) Any person who is charged with any nonviolent felony of the third degree is eligible for release to the pretrial intervention program on the approval of the administrator of the program and the consent of the victim, the state attorney, and the judge who presided at the initial appearance hearing of the offender... . In no case, however, shall any individual be released to the pretrial intervention program unless, after consultation with his attorney or one made available to him if he is indigent, he has voluntarily agreed to such program and has knowingly and intelligently waived his right to a speedy trial for the period of his diversion... . [e.s.]
(3) The criminal charges against an individual admitted to the program shall be continued without final disposition for a period of 90 days from the date the individual was released to the program, if the offender's participation in the program is satisfactory, and for an additional 90 days upon the request of the program administrator and consent of the state attorney, if the offender's participation in the program is satisfactory.
(4) Resumption of pending criminal proceedings shall be undertaken at any time if the program administrator or state attorney finds such individual is not fulfilling his obligations under this plan or if the public interest so requires.
(5) At the end of the intervention period, the administrator shall recommend:
(a) That the case revert to normal channels for prosecution in instances in which the offender's participation in the program has been unsatisfactory;
(b) That the offender is in need of further supervision; or
(c) That dismissal of charges without prejudice shall be entered in instances in which prosecution is not deemed necessary.
The state attorney shall make the final determination as to whether the prosecution shall continue.
[2] While a subsequent amendment to the statute provides that, under some circumstances, one charged with simple possession may be "entitled" both to entry into a drug program and dismissal of the charges if he successfully completes it, Turner would not be eligible even under this scheme because of his prior felonies. § 948.08(6), Fla. Stat. (1993).
[3] Since estoppel does not apply on general principles, there is no need to resort to the especially stringent rules which apply when an estoppel is sought to be invoked against the state. See Trustees of Internal Improvement Fund v. Claughton, 86 So.2d 775 (Fla. 1956); Ogden v. State, Dep't of Transp., 601 So.2d 1300 (Fla. 3d DCA 1992).
[4] It should be added that Turner may yet benefit, even in the criminal case itself, from his efforts in the program. For example, the trial judge might properly base a downward deviation from the sentencing guidelines upon his success in that regard. See Herrin v. State, 568 So.2d 920 (Fla. 1990) (downward deviation properly based on amenability to future drug treatment); Barbera v. State, 505 So.2d 413 (Fla. 1987) (intoxication or substance abuse may be used to mitigate recommended sentence), receded from on other grounds, Pope v. State, 561 So.2d 554 (Fla. 1990).
[5] This analysis  that there has been neither reliance nor prejudice to Turner in his participation in the program  applies equally to preclude acceptance of the suggestion that the state may not rely upon the waiver of speedy trial rights which, under section 948.08(2), the defendant was required to execute if he wished to be admitted to the program.