648 So.2d 851 (1995)
The STATE of Florida, Appellant,
v.
Johnnie Mae UPSHAW, Appellee.
No. 94-1637.
District Court of Appeal of Florida, Third District.
January 18, 1995.
Robert A. Butterworth, Atty. Gen., and Paulette R. Taylor, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellee.
Before LEVY, GERSTEN and GODERICH, JJ.
GERSTEN, Judge.
Appellant, the State of Florida, appeals the dismissal of charges against appellee, Johnnie Mae Upshaw (Upshaw) after Upshaw successfully completed a statutorily prescribed pretrial substance abuse program. We affirm.
Although the State charged Upshaw with both possession and with sale of cocaine, the prosecutor, at arraignment, offered:
THE PROSECUTOR: ... The State would offer drug court as an alternative to *852 364 TASC. The State wants her to get some help before it gets too bad.
The arraigning court then responded:
THE COURT: Do you want to go to drug court, ma'am, you get this dismissed without entering a plea.
Upshaw, after consulting with counsel, accepted the State's offer. The case was then transferred to drug court for Upshaw to begin her twelve month treatment program.
During her drug treatment, Upshaw appeared in court for reports on her progress. In July, the judge told her she was "doing great"; the State said nothing. In September, the judge told her she was "doing terrific"; the State said nothing. In November, the judge told her she was "doing great"; the State said nothing. In April, the judge told her "if you stay clean ... you are out of here ... You've done good"; the State said nothing. In May, the judge told her that she was "doing great" and to just "stay clean" another thirty days; the State said nothing. In June, the judge was to dismiss Upshaw's case based upon successful completion of the drug program; the State objected.
The judge noted that an objection should have been made when the case was transferred to drug court:
THE COURT: I don't know what you're objecting to.
THE PROSECUTOR: It's a sale.
THE COURT: So, they should have put her in jail. Why are they withholding it?
THE PROSECUTOR: Judge, this is a sale. Some State Attorney didn't think they had a case. How do we know the Court didn't do it over State Attorney's objection?
THE COURT: Courts don't do that. Case dismissed.
The State contends that the trial court exceeded its authority by interfering with the State's authority to prosecute this case. We do not agree.
Clearly, the law is well settled that the State Attorney has the sole discretion to prosecute. State v. Turner, 636 So.2d 815 (Fla. 3d DCA 1994); State v. Bryant, 549 So.2d 1155 (Fla. 3d DCA 1989); State v. Jogan, 388 So.2d 322 (Fla. 3d DCA 1980). We neither recede from this proposition, nor choose to accept the awesome, sacred responsibility of prosecution because, after all, we are a separate branch of government.
We do, however, as judges, have to provide all litigants at all levels, with a forum of fundamental fairness filled with equity, justice and fair play. This trial court provided that forum.
Once the prosecutor offered Upshaw a drug court program, and Upshaw accepted the offer, there was essentially a plea bargain. The plea bargain was tracked and monitored under the auspices of the court and section 948.08(6), Florida Statutes (1993).
The relevant parts of section 948.08(6) state:
(a) Notwithstanding any provision of this section, a person who is charged with a felony of the second or third degree for purchase or possession of a controlled substance under chapter 893, and who has not previously been convicted of a felony nor been admitted to a pretrial program referred to in this section, is eligible for admission into a pretrial substance abuse education and treatment intervention program approved by the chief judge of the circuit, for a period of not less than 1 year in duration, upon motion of either party or the court's own motion. If the state attorney believes that the facts and circumstances of the case suggest the defendant's involvement in the dealing and selling of controlled substances, the court shall hold a preadmission hearing. If the state attorney establishes, by a preponderance of the evidence at such hearing, that the defendant was involved in the dealing or selling of controlled substances, the court shall deny the defendant's admission into a pretrial intervention program.
.....
(c) 2. The court shall dismiss the charges upon a finding that the defendant has successfully completed the pretrial intervention program.
Here, the State offered Upshaw the section 948.08 "drug court" program. In doing *853 so, it waived its statutory right to a "preadmission hearing" on Upshaw's eligibility. At the same time, it acquiesced to dismissal upon Upshaw's successful completion of the program. § 948.08(6)(c)(2), Fla. Stat. (1993).
Further, we cannot accept the State's contention that the judge improperly dismissed the case because of Upshaw's program ineligibility. To agree, "would be to countenance what amounts, however inadvertently, to a governmental breach of faith." State v. Weir, 380 So.2d 1297, 1299 (Fla. 3d DCA), rev. denied, 389 So.2d 1115 (Fla. 1980).
Another case, State v. Davis, 188 So.2d 24 (Fla. 2d DCA), cert. denied, 194 So.2d 621 (Fla. 1966), is analogous. In Davis, the state agreed to dismiss a case if results of a polygraph examination indicated the defendant was telling the truth. When the examination revealed that the defendant was telling the truth, the trial court dismissed the case and the state appealed. Our sister court stated, at 188 So.2d at 27:
Defendant had agreed to plead guilty to manslaughter if the test was not in his favor, but the state had agreed to dismiss the case if the results indicated defendant was telling the truth. This was a pledge of public faith  a promise made by state officials  and one that should not be lightly disregarded.
Lastly, because the State has the sole discretion to prosecute, it likewise has the sole discretion to drop or reduce any of Upshaw's charges. Therefore, as the State routinely does, it could discretionarily drop or reduce Upshaw's charges to place Upshaw entirely within section 948.08, Florida Statutes.
In conclusion, because the State offered and Upshaw accepted to enter the drug program, and because the State acquiesced to a statutory dismissal if Upshaw performed under the agreement, and because we will not tolerate a governmental breach of faith in a judicial forum, the trial court properly dismissed Upshaw's charges under section 948.08(6)(c)(2), Florida Statutes (1993).
Affirmed.