655 So.2d 227 (1995)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, et al., Appellants,
v.
STATE of Florida, Appellee.
Nos. 94-1189, 94-1191, 94-1546 and 94-1753.
District Court of Appeal of Florida, Fifth District.
June 2, 1995.
*228 James A. Sawyer, Jr., Orlando, for appellant Dept. of Health and Rehabilitative Services.
Anita Langley, Orlando, for appellant Dept. of Juvenile Justice.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
GRIFFIN, Judge.
The Department of Health and Rehabilitative Services ["HRS"] has appealed orders in four delinquency cases, which we have consolidated because of the apparent similarity of issues on appeal. In each case, the delinquent child has been determined incompetent to proceed with his or her adjudicatory hearing due to his or her level of mental retardation. In each case, the lower court has ordered HRS to commence proceedings for involuntary hospitalization of the child and, if the child does not qualify for involuntary hospitalization, to place the child in a long-term mental health treatment facility. Pending disposition of the involuntary hospitalization proceeding, the child was ordered to be held by HRS. It is clear from the trial judge's statements on the record that his purpose in issuing such orders was to test the application of section 916.13, Florida Statutes (1993) ("Mentally Deficient and Mentally Ill Defendants") to juveniles. That statute details the procedure for court-ordered involuntary commitment of adult defendants found incompetent to stand trial or to be sentenced. The statute, however, by its terms does not appear to apply to juvenile delinquency proceedings.[1]See § 39.0205, et seq. Section 916.13 speaks exclusively in terms of "defendants," "standing trial," "sentencing," "criminal court" and "the Rules of Criminal Procedure." Nothing in the statute suggests the legislature intended to make section 916.13 applicable to delinquency proceedings. See Fla.R.Juv.P. 8.000. The distinction is not irrational since, theoretically, the children are already under the residential care-taking of their parent(s) or guardian(s).
The reason the court sought to apply section 916.13 is that the only procedure that is expressly designed for juveniles who are incompetent to proceed with their adjudicatory hearing is found in Florida Rule of Juvenile Procedure 8.095. That rule, however, appears not to contemplate that the court can order the involuntary confinement or treatment *229 of children who are incompetent to proceed by reason of mental retardation. The rule speaks only in terms of "hospitalization" which appears to refer to a Chapter 394 "Baker Act" proceeding. A proceeding under section 393.062, Fla. Stat. (1993) ("Developmental Disabilities") provides for involuntary commitment of the severely retarded, but not "hospitalization."
HRS brought to our attention during oral argument that in the recent amendments to the juvenile rules, effective January 26, 1995,[2] this limitation in the language of Rule 8.095(a)(3) appears to have been corrected. We will take HRS at its word. After reviewing the amendments, we are unable to explain what the varying uses of the terms "hospitalization," "appropriate non-delinquent treatment," "treatment," "treatment provider," "outpatient treatment" or "appropriate non-delinquent hospitalization," which are all contained in the new subsection (a)(4) of Rule 8.095, are intended to mean. It is clear, however, that the scheme outlined in the newly amended rule is materially different from the prior rule. The new rule appears to mandate "appropriate non-delinquent treatment" to restore competency where incompetency has been found by the trial court. This may last for up to two years. Under the former rule, this course of action was optional. Although HRS suggests that any competency restoration effort would be fruitless in these cases, no findings have been made to establish this point. Our reading suggests that there is potential for improvement in the level of competency to stand trial of the mentally retarded.[3] Sandra A. Garcia and Holly V. Steele, Mentally Retarded Offenders in the Criminal Justice and Mental Retardation Services Systems in Florida: Philosophical, Placement and Treatment Issues, 41 ARK.L.REV. 809, 829 (1988).
Under the new rule, "at any time" after the expiration of the two years, if the delinquent child has not regained competency, the court may dismiss the petition on its own motion. Under the old rule, dismissal was mandatory. The new rule further specifies that while the child is in treatment, the court can re-evaluate competency and decide whether to order hospitalization or treatment "in conformity with this rule."
Because of the words chosen by the legislature in drafting section 916.13, we agree with HRS that it is not designed to apply to juveniles alleged to be delinquent. The juvenile court lacks the power to order the involuntary commitment of a child alleged to be delinquent. The juvenile court may only proceed under the juvenile rules and Chapter 39. We further agree that the appealed orders are erroneous for that reason.[4] We will not, however, mandate dismissal of the delinquency proceedings at this time. The orders do not expressly exclude the temporary confinement alternative found in both the old and the new versions of the rule. If the lower court finds that one or more of these children may qualify for this type of referral, it can so order. Further, at least insofar as the rule now authorizes the court to order "treatment," HRS appears to concede that the court can now require HRS to seek a section 393 commitment, as well as a section 394 commitment. Because the appealed orders may be amendable to achieve at least part of the lower court's purpose, we will vacate the orders but remand to the lower court to consider the value of treatment to restore competency and the effect of the amended Rule 8.095.
REVERSED and REMANDED.
THOMPSON, J., and ANTOON, J., Associate Judge, concur.
NOTES
[1] HRS acknowledges that § 916.13 is applicable to juveniles tried as adults.
[2] See In re Amendments to the Florida Rules of Juvenile Procedure, 649 So.2d 1370 (Fla. 1995).
[3] At oral argument, HRS acknowledged that the state had correctly ascertained that there are beds designated for this purpose at a facility that goes by the acronym of HARP.
[4] It appears that D.K.F. does qualify for hospitalization under the Baker Act and that hospitalization was recommended by the treating psychiatrist. The lower court did, however, order interim long-term residential mental health placement, which was error.