665 So.2d 1064 (1995)
STATE of Florida, Appellant,
v.
David DUGAN and Noyes Green Burroughs, Appellees.
Nos. 94-3066, 95-0039.
District Court of Appeal of Florida, Fourth District.
October 18, 1995.
Order Denying Rehearing and Certifying Question December 6, 1995.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellees.
KLEIN, Judge.
In these consolidated appeals the issue is whether the trial judge had the authority to dismiss drug charges after appellees completed a drug program pursuant to chapter 397, Florida Statutes. We conclude that he did and affirm.
Appellee Dugan entered a no contest plea to possession of cocaine and agreed to complete a drug program. He was placed on probation on the condition that he attend drug treatment for a period of one year and adjudication of guilt was withheld. Appellee Burroughs, who was also charged with possession of cocaine, did not enter a plea, but at the court's suggestion agreed to complete a drug treatment program. Both appellees, after successfully completing the programs, moved the court to dismiss the charges, and the court did so over the state's objection.
Section 893.15, Florida Statutes (1993), the Florida Comprehensive Drug Abuse Prevention and Control Act, provides:
Any person who violates s.893.13(1)(f) or 1(g) relating to possession may, in the discretion of the trial judge, be required to participate in a substance abuse services program approved or regulated by the Department of Health and Rehabilitative Services *1065 pursuant to the provisions of chapter 397, provided the director of such program approves the placement of the defendant in such program. Such required participation may be imposed in addition to, or in lieu of, any penalty or probation otherwise prescribed by law. However, the total time of such penalty, probation, and program participation shall not exceed the maximum length of sentence possible for the offense. (Footnote omitted.) (Emphasis added.)
Section 397.705(1), Florida Statutes (1993), which is part of the chapter entitled "Substance Abuse Services," provides in part:
AUTHORITY TO REFER.  If any offender, including but not limited to any minor, is charged with or convicted of a crime, the court or criminal justice authority with jurisdiction over that offender may require the offender to receive services from a service provider licensed under this chapter. If referred by the court, the referral may be instead of or in addition to final adjudication, imposition of penalty or sentence, or other action. (Emphasis added.)
The state argues that these two statutes do not authorize dismissal; however, we do not agree.
Section 893.15 authorizes the court to order participation in a treatment program "in lieu of, any penalty or probation" and section 397.705(1) similarly authorizes referral for treatment by the court "instead of ... other action." This language is clearly broader than the interpretation which the state urges on us, which is that these statutes only provide for sentencing alternatives to imprisonment or probation, but do not authorize dismissal. Moreover, section 397.705(1) authorizes the court to require people who are only "charged" with a crime to get treatment, which is precisely what happened with appellee Burroughs. The state has not explained what must happen to Burroughs after his completion of treatment, if the court cannot dismiss the charges against him.
Even if the statutes could somehow be interpreted in the manner urged by the state, it would mean that the statutes are susceptible of different interpretations. Under those circumstances our lenity statute, section 775.021(1), Florida Statues (1993), would require the construction most favorable to appellees.
The state's reliance on State v. Turner, 636 So.2d 815 (Fla. 3d DCA 1994), and the cases cited therein, for the proposition that the sole authority as to whether to prosecute rests with the state attorney is misplaced, since in those cases there was no statute which authorized dismissal. Our interpretation of this statute, which is that it does authorize dismissal, makes Turner distinguishable.
Affirmed.
DELL and STEVENSON, JJ., concur.

ON MOTION FOR REHEARING AND MOTION FOR CERTIFICATION OF QUESTION
KLEIN, Judge.
We deny the state's motion for rehearing, but grant its motion for certification and certify the following question as one of great public importance:
DOES CHAPTER 397.705, FLORIDA STATUTES, AUTHORIZE A TRIAL COURT TO DISMISS CHARGES AGAINST A DEFENDANT UPON HIS COMPLETION OF A SUBSTANCE ABUSE PROGRAM OVER OBJECTION BY THE STATE?
DELL and STEVENSON, JJ., concur.