667 So.2d 429 (1996)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
A.E., a child, Appellee.
No. 95-02049.
District Court of Appeal of Florida, Second District.
January 24, 1996.
Raymond R. Deckert, Assistant District 6 Legal Counsel, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellee.
PARKER, Judge.
The Department of Health and Rehabilitative Services appeals an order which found A.E. mentally incompetent to proceed with the trial and pretrial hearings and ordered him committed to a treatment facility. A.E. concedes error, and we reverse.
The trial court found that A.E. was incompetent to proceed and ordered the ten-year-old male committed to the Department for placement in a mental health treatment facility pursuant to section 916.13(2), Florida Statutes (1993). The Department and A.E. agree that chapter 916 is inapplicable in juvenile proceedings. Recently, the Fifth District addressed this issue and held that "[t]he juvenile court lacks the power to order the involuntary commitment of a child alleged to be delinquent." Department of Health & Rehabilitative Servs. v. State, 655 So.2d 227, 229 (Fla. 5th DCA 1995). We agree.
We reverse the order and direct that proceedings shall be commenced for the involuntary hospitalization of the child as provided under sections 39.046, 394.467, and 393.11, Florida Statutes (1993). The trial court should note that the Department requests that the child remain with the mother pending disposition of those proceedings. If A.E. does not meet the involuntary criteria under *430 those sections, then the court should order appropriate nondelinquency treatment to restore the child's competence. See Fla. R.Juv.P. 8.095.
Reversed and remanded.
FRANK, A.C.J., and FULMER, J., concur.