685 So.2d 1210 (1996)
STATE of Florida, Petitioner,
v.
David DUGAN and Noyes Green Burroughs, Respondents.
No. 87109.
Supreme Court of Florida.
September 5, 1996.
Rehearing Denied December 10, 1996.
*1211 Robert A. Butterworth, Attorney General, Georgina Jimenez-Orosa, Bureau Chief, Senior Assistant Attorney General, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for Petitioner.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for Respondents.
WELLS, Justice.
We have for review a decision certifying the following question certified to be of great public importance:
DOES CHAPTER 397.705, FLORIDA STATUTES, AUTHORIZE A TRIAL COURT TO DISMISS CHARGES AGAINST A DEFENDANT UPON HIS COMPLETION OF A SUBSTANCE ABUSE PROGRAM OVER OBJECTION BY THE STATE?
State v. Dugan, 665 So.2d 1064, 1065 (Fla. 4th DCA 1995) (motion for rehearing and motion for certification of question). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the affirmative and approve the decision of the district court below.
The State filed an information against David Dugan, alleging that on April 17, 1993, he possessed cocaine. He pleaded no contest to the charge and agreed to complete a drug program. Thereafter, the court placed Dugan on probation on the condition that he attend such a program for one year and withheld adjudication. Similarly, the State filed an information against Noyes Burroughs alleging that on February 17, 1993, Burroughs possessed cocaine. He did not enter a plea, but at the court's suggestion, Burroughs entered a drug treatment program. After completing the programs, both Dugan and Burroughs moved the court to dismiss the charges. Over the State's objection, the court granted the motions.
On appeal, the Fourth District affirmed. The district court turned to two statutes: sections 893.15 and 397.705(1), Florida Statutes (1993). See State v. Dugan, 665 So.2d 1064 (Fla. 4th DCA 1995). Section 893.15, Florida Statutes, allows a trial court to require a person who is in possession of a controlled substance not obtained by prescription or who is in possession of not more than twenty grams of cannabis,[1] to participate in a substance abuse services program, "in addition to, or in lieu of, any penalty or probation otherwise prescribed by law." § 893.15, Fla. Stat. (1993). Section 397.705(1), Florida Statutes (1993), allows a court with jurisdiction over a substance-abuse impaired offender who is either charged with or convicted of a crime to refer the offender to receive drug counseling "instead of or in addition to final adjudication, imposition of a penalty or sentence, or other action." § 397.705, Fla. Stat. (1993). The court found that these statutes empower the *1212 court to dismiss the charges against a defendant for two reasons. Dugan, 665 So.2d at 1065. First, since section 397.705, Florida Statutes (1993), allows an offender to seek treatment after only being charged with an offense, it seemed appropriate for a court to dismiss the charges against that offender once the drug treatment was completed. Id. Second, even if the statutes could also be interpreted as only providing a trial court with sentencing alternatives to imprisonment or probation rather than authorizing dismissal, then the principles of lenity compelled the construction most favorable to the defendants. Id. Finally, the court distinguished State v. Turner, 636 So.2d 815 (Fla. 3d DCA 1994), which held that the sole authority to determine whether to prosecute a case was with the prosecutor because unlike Turner, in this case there is a statute authorizing the court to dismiss the charges. Dugan, 665 So.2d at 1065. On motion for rehearing and for certification of question, the district court certified the foregoing question.
Since both Dugan and Burroughs committed their crimes prior to the effective date of section 397.705, Florida Statutes (1993), we will first turn to the applicable 1991 statutes. In so doing, we find that these statutes provide the trial court with the discretion to dismiss the charges against a substance-abuse impaired offender who is either charged with or convicted of a crime. This result is the same under the 1993 version of these statutes. Consequently, we answer the certified question in the affirmative and approve the decision of the district court below.
In chapter 397, Florida Statutes (1991), the legislature twice stated its intent: to allow trial judges the discretion to refer persons charged with or convicted of violation of laws relating to drug abuse or committed while under the influence or drugs to rehabilitation programs in addition to or in lieu of any penalty or probation otherwise prescribed by the law. See § 397.011(1), Fla. Stat. (1991); § 397.10, Fla. Stat. (1991). The substantive provision in this chapter, section 397.12, Florida Statutes (1991), "Reference to drug abuse program," provides:
When any person, including any juvenile, has been charged with or convicted of a violation of any provision of chapter 893 or of a violation of any law committed under the influence of a controlled substance, the court, Department of Health and Rehabilitative Services, Department of Corrections, or Parole Commission, whichever has jurisdiction over that person, may in its discretion require the person charged or convicted to participate in a drug treatment program licensed by the department under the provisions of this chapter. If referred by the court, the referral may be in lieu of or in addition to final adjudication, imposition of any penalty or sentence, or any other similar action. If the accused desires final adjudication, his constitutional right to trial shall not be denied. The court may consult with or seek the assistance of any agency, public or private, or any person concerning such a referral. Assignment to a drug program may be contingent upon budgetary considerations and availability of space.
When interpreting a statute, courts must determine legislative intent from the plain meaning of the statute. See St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071 (Fla.1982). If the language of the statute is clear and unambiguous, a court must derive legislative intent from the words used without involving rules of construction or speculating as to what the legislature intended. See Zuckerman v. Alter, 615 So.2d 661 (Fla.1993).
Following these rules of statutory construction, we find that the plain language of chapter 397 and specifically section 397.12, Florida Statutes (1991), empowers the trial court with the discretion to dismiss the charges against a substance-abuse impaired offender who successfully completes a drug treatment program when the offender is referred to the program by the court. Throughout several sections of chapter 397, the statutes provide that a referral by the trial court may be in lieu of or in addition to final adjudication, imposition of any penalty or sentence or any other similar action. See §§ 397.011, 397.10, 397.12, Fla. Stat. (1991). This language clearly authorizes a trial court to close the case by dismissing the charges against the offender once the offender successfully *1213 completes the drug treatment program.
Additionally, the results are the same under section 397.705(1), Florida Statutes (1993). Similar to the former section 397.12, Florida Statutes (1991), this section provides:
AUTHORITY TO REFER.If any offender, including but not limited to any minor, is charged with or convicted of a crime, the court or criminal justice authority with jurisdiction over that offender may require the offender to receive services from a service provider licensed under this chapter. If referred by the court, the referral may be instead of or in addition to final adjudication, imposition of penalty or sentence, or other action. The court may consult with or seek the assistance of a service provider concerning such a referral. Assignment to a service provider is contingent upon availability of space, budgetary considerations, and manageability of the offender.
(Emphasis added.) This language, which is identical to that in the former statute, reinforces our position that the statute gives the trial court the discretion to dismiss the charges against an offender who successfully completes a drug treatment program.
Accordingly, we answer the certified question in the affirmative and approve the decision of the district court below.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] Section 893.15, Florida Statutes (1993), refers to subdivisions 893.13(1)(f) and (g). However, the legislature amended section 893.13, effective January 1, 1994, eliminating subdivisions 893.13(1)(f) and (g). See ch. 93-406, § 23, Laws of Florida. The legislature directed the Division of Statutory Revision of the Joint Legislative Management Committee to prepare a reviser's bill to conform all cross-references to section 893.13 as amended. See ch. 93-406, § 33, Laws of Florida. Pursuant to this section, the legislature subsequently amended section 893.15 to refer to persons who violated subdivision 893.13(6)(a) or (b). See ch. 94-107, § 3, Laws of Florida.