711 So.2d 222 (1998)
STATE of Florida, Appellant,
v.
R.B., a child, Appellee.
No. 96-3231.
District Court of Appeal of Florida, Fourth District.
May 27, 1998.
*223 Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellee.
PER CURIAM.
The state appeals the trial court's dismissal of drugs charges against R.B., a child, after she successfully completed a drug treatment program. We affirm.
The state filed a petition for delinquency against appellee for possessing flunitrazepam, a controlled substance, on January 31, 1996. The School Board of Broward County referred appellee to Spectrum for substance abuse treatment. She was admitted to Spectrum on February 28, 1996. On April 22, 1996, the trial court entered an order requiring appellee to attend Spectrum and successfully complete the substance abuse program pursuant to section 397.705(1), Florida Statutes (1993).[1]
After appellee completed the program, she moved to dismiss the charges against her pursuant to section 397.705(1). At the hearing on the motion, the state opposed dismissal arguing that section 397.705(1) does not apply to juveniles. The trial court granted the motion to dismiss based on section 397.705(1), Florida Statutes and State v. Dugan, 685 So.2d 1210 (Fla.1996).
This case has been designated as the lead case for several other cases involving the same issues. Other than the statement of facts, it appears the state and public defender's offices have relied on substantially similar briefs in support of their arguments. This court recently decided one of these cases, State v. C.O., 700 So.2d 169 (Fla. 4th DCA 1997), but we concluded that the case should not be designated as the lead case because it was not decided on the merits. Relying on State v. Upshaw, 648 So.2d 851 (Fla. 3d DCA 1995), this court concluded in C.O. that the state was required to timely object when the trial court placed the juvenile in a drug treatment program as an alternative to imposing a penalty or sentence and affirmed the trial court's dismissal of the charges.
Although the briefs relied on in the instant case and C.O. raise essentially the same arguments, we choose not to affirm based on C.O. because the instant case is factually distinguishable. In C.O., the trial court told the juvenile offender his charges would be dismissed if he completed a substance abuse program. In addition, the state noted in its brief that the juvenile in C.O. only agreed to go to the program because of the judge's promise. Unlike C.O., appellee in the instant case was already attending a substance abuse program at Spectrum at the time the trial court entered its order. There is no indication that the trial court or the state told appellee prior to entering the substance abuse program that she would have her charges dismissed if she successfully completed the program or that the program would be an "alternative to imposing a penalty or sentence." C.O., 700 So.2d at 169. Since appellee's decision to enter the program was not made in reliance on a promise by the state or the trial court that her charges would be dismissed and dismissal was discretionary under section 397.705(1), the state was not required to object at the time the trial court referred her to the program.
The state argues the trial court improperly dismissed appellee's charges pursuant to section 397.705(1), Florida Statutes *224 and Dugan because section 397.705(1) does not apply to juveniles. In Dugan, the state filed an information against Dugan alleging that he possessed cocaine. 685 So.2d at 1211. He pled no contest and agreed to complete a substance abuse program. The court placed Dugan on probation on the condition that he attend such a program and withheld adjudication. The state also filed an information against Burroughs alleging that he possessed cocaine. He did not enter a plea, but he also entered a substance abuse program at the court's suggestion. After completing the programs, both Dugan and Burroughs moved to dismiss the charges against them. Over the state's objection, the court granted the motions and dismissed the drug charges pursuant to section 397.705(1), Florida Statutes (1993). This court affirmed the dismissal. See State v. Dugan, 665 So.2d 1064 (Fla. 4th DCA 1995). In approving of this court's decision in Dugan, the Supreme Court stated that section 397.705(1), Florida Statutes (1993) gives trial courts the discretion to dismiss charges against a substance abuse impaired offender who successfully completes a drug treatment program when the offender is referred to the program by the court. 685 So.2d at 1212-13. Dugan did not address whether section 397.705(1) applies to juveniles.
Section 397.705(1), Florida Statutes (1995) provides:
(1) AUTHORITY TO REFER.If any offender, including but not limited to any minor, is charged with or convicted of a crime, the court or criminal justice authority with jurisdiction over that offender may require the offender to receive services from a service provider licensed under this chapter. If referred by the court, the referral may be instead of or in addition to final adjudication, imposition of penalty or sentence, or other action.
(emphasis added)
The state contends that "by using the words `crime', `conviction', and `sentence', the Legislature clearly did not intend for § 397.705 to apply to juvenile offenders." In support of this argument, the state refers to Department of H.R.S. v. State, 655 So.2d 227 (Fla. 5th DCA 1995). In Department of H.R.S., the Fifth District Court of Appeal was asked to determine whether a statute applied to juveniles. The court noted that the statute "speaks exclusively in terms of `defendants,' `standing trial,' `sentencing,' `criminal court' and `the Rules of Criminal Procedure.'" Id. at 228. The court also stated that "[n]othing in the statute suggests the legislature intended to make [the statute] applicable to delinquency proceedings." Id.
Unlike the statute in Department of H.R.S., section 397.705(1) expressly refers to "minors." Juveniles are also subject to adjudication of delinquency and may receive imposition of penalties pursuant to chapter 39, Florida Statutes (1995). In addition, the legislative intent of chapter 397, Florida Statutes, states:
(7) It is the intent of the Legislature to provide, for substance abuse impaired adult and juvenile offenders an alternative to criminal imprisonment by encouraging the referral of such offenders to service providers not generally available within the correctional system instead of or in addition to criminal penalties.
§ 397.305(7), Fla. Stat. (1995).
By tracking the language of section 397.705(1), it appears the legislature intended this section to apply to juveniles. The legislative intent also suggests that the legislature was not making the same distinction between the words "crimes" and "acts of delinquency" that would be made by courts.
Finally, the 1991 version of section 397.705 may also give insight into the intent of the legislature when it referred to "any offender" and "minor." In section 397.12, Florida Statutes (1991), which was repealed and replaced with section 397.705, Florida Statutes (1993), provided, in part:
When any person, including any juvenile, has been charged with or convicted of a violation of chapter 893 or a violation of any law committed under the influence of a controlled substance, the court ... may in its discretion require the person charged or convicted to participate in a drug treatment program.... If referred by the court, the referral may be in lieu of or in addition to final adjudication, imposition of *225 any penalty or sentence, or any other similar action.
In the 1991 version, the legislature clearly indicated that it intended the statute to apply to juveniles. It is unclear why the legislature chose to replace the word "juvenile" with "minor." However, it is important to note that, even though legislature clearly intended section 397.12, Florida Statutes (1991) to apply to juveniles, the legislature still used the words "convicted" and "sentence." Therefore, the state's argument that use of these words clearly indicates that the legislature did not intend section 397.705(1) to juveniles is not persuasive.
The state also contends that section 397.706(1) prevents a trial court from dismissing a juvenile's charges pursuant to section 397.705(1) because the specific language and requirements of section 397.706(1) control over the general provisions of section 397.705(1). Apparently, the state is arguing the two sections should be construed together to mean that a juvenile's charges could only be dismissed pursuant to chapter 39, Florida Statutes (1995). We disagree.
Section 397.706(1), Florida Statutes (1995), provides, in part:
(1) The substance abuse treatment needs of juvenile offenders and their families must be identified and addressed through diversionary programs and adjudicatory proceedings pursuant to chapter 39.
We believe the two sections are not in conflict and may be read together to permit dismissal of a juvenile's charges pursuant to section 397.705(1), Florida Statutes (1995). Section 397.705(1), Florida Statutes (1995) gives trial courts the general authority to refer offenders to substance abuse programs and to dismiss their charges upon successful completion. If a court chooses to refer a juvenile pursuant to section 397.705(1), section 397.706(1) indicates that juveniles must attend programs designed for juveniles and be monitored by the juvenile court.
Finally, it is important to note the legislature amended section 397.705(1), Florida Statutes in 1997. The amendment provides that referral of an offender to a substance abuse program must be in addition to, and not as an alternative to, adjudication or imposition of a sentence. Under the amended version, it appears trial courts are no longer authorized to dismiss an offender's charges pursuant to section 397.705(1). However juveniles, who meet the requirements of section 985.306, Florida Statutes (1997), may still have their charges dismissed upon successful completion of a delinquency pretrial intervention program.
GLICKSTEIN, DELL and GUNTHER, JJ., concur.
NOTES
[1] The trial court incorrectly referred to Florida Statutes 1993; however, this error is not important because the 1993 and 1995 versions of section 397.705(1) are identical.