764 So.2d 645 (2000)
STATE of Florida, Appellant,
v.
Timothy CURTIN, Appellee.
No. 1D98-3690.
District Court of Appeal of Florida, First District.
April 25, 2000.
Rehearing Denied June 5, 2000.
*646 Robert A. Butterworth, Attorney General; Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellant.
John W. Gray, II, Tallahassee, for Appellee.
PER CURIAM.
In the instant case, the state petitions for writ of certiorari and argues that the trial court departed from the essential requirements of law when it denied the state's motion to declare respondent a sexual predator. See State v. Galloway, 721 So.2d 1197 (Fla. 1st DCA 1998) (holding that state appeal from an order denying a motion for written finding of sexual predator status should be made pursuant to a petition for writ of certiorari).
Respondent entered a plea of guilty[1] to the first degree felony of sexual battery on a physically helpless victim, a violation of section 794.011(4)(a), Florida Statutes (1997), which was committed on August 23, 1997. Subsequently, the state filed a motion to declare respondent a sexual predator under section 775.21, Florida Statutes, which the lower court denied. The state argues that because respondent met the statutory criteria for designation as a sexual predator, the court was required to enter the finding. Respondent counters that under the legislative intent statement in section 775.21(3)(a)[2], the sexual predator designation is limited to violent or repeat offenders and those who commit sex crimes against children and that the facts of respondent's offense demonstrate that respondent did not fall within these categories.
Section 775.21, Florida Statutes (1997) ("The Florida Sexual Predators Act"), provides the process and criteria for designating persons convicted of various designated crimes as sexual predators and requires those so designated be subject to certain registration and community notification requirements. See § 775.21(3), Fla. Stat. *647 Section 775.21(5)(a) provides that "[a]n offender who meets the sexual predator criteria described in paragraph (4)(c) who is before the court for sentencing for an offense committed on or after October 1, 1996, is a sexual predator, and the sentencing court must make a written finding at the time of sentencing that the offender is a sexual predator." If, as in this case, the designation is not made at sentencing, the statute provides for the state to petition the court to make such a finding. See § 775.21(5)(b), Fla. Stat.
The statutory provision at issue, section 775.21(4)(c) (emphasis added), contains the criteria for the sexual predator designation as follows:
For a current offense committed on or after October 1, 1996, upon conviction, an offender shall be designated as a "sexual predator" under subsection (5), and subject to registration under subsection (6) and community and public notification under subsection (7) if:
1. The felony meets the criteria of former ss.775.22(2) and 775.23(2), specifically, the felony is:
a. A capital, life, or first degree felony violation of chapter 794 or s. 847.0145, or of a similar law of another jurisdiction[.]
We find, contrary to respondent's argument, that there is no ambiguity in this section regarding the substantive criteria for a court's finding of an offender's status as a sexual predator. See State v. Dugan, 685 So.2d 1210, 1212 (Fla.1996) (stating that if "the language of the statute is clear and unambiguous, a court must derive legislative intent from the words used without involving rules of construction or speculating as to what the legislature intended."). Neither does paragraph (3)(a)'s statement of legislative intent superimpose into paragraph (4)(c) any classification system for a capital, life, or first degree felony violation of chapter 794 or section 847.0145 that would provide a court with discretion to find, based on the specific facts of the case, that one of these offenses cannot serve as a basis for the sexual predator designation. Section 775.21(4)(c) requires the court to make a finding of sexual predator status in the instant case because respondent was convicted of committing a first degree felony violation of chapter 794 and the offense was committed on or after October 1, 1996.
Accordingly, we grant the petition, reverse the order denying the state's motion, and remand with directions that the court enter an order containing the requisite finding.
MINER and WOLF, JJ., CONCUR; PADOVANO, J., CONCURS WITH OPINION.
PADOVANO, J., concurring.
I join in the decision in all respects but write to point out that the Florida courts have yet to determine whether section 775.21(5)(a), Florida Statutes is an unconstitutional encroachment on powers vested in the judiciary. The statute plainly directs the trial judge to make a particular kind of judicial declaration. In this respect, it is analogous to section 316.656, Florida Statutes, which requires trial judges to adjudicate defendants guilty in certain cases. A previous version of section 316.656 was challenged as a violation of the separation of powers clause in Article II, section 3 of the Florida Constitution, presumably because "adjudication" is by definition a judicial function. The supreme court declined to decide this important constitutional issue, but only because it had adopted the same mandatory adjudication provision in a rule of procedure. See Wooten v. State, 332 So.2d 15 (Fla. 1976).
Other statutes requiring the courts to make declarations or findings regarding a defendant's status typically allow some degree of judicial discretion. For example, section 775.084, Florida Statutes, establishes the procedure for declaring a defendant to be a habitual offender. This statute survived a challenge based on the separation of powers clause, precisely because *648 it left some discretion to the courts. See Seabrook v. State, 629 So.2d 129 (Fla. 1993). A related sentencing statute, section 775.084(1)(d), sets the criteria for a declaration that an offender is a violent career criminal. This statute does not violate the separation of powers clause because it allows the trial judge discretion to determine whether the declaration is necessary for the protection of the public. See State v. Meyers, 708 So.2d 661 (Fla. 3d DCA 1998). In contrast, section 775.21(5)(a) allows no room for the exercise of judgment. To the contrary, the statute appears to "wrest from [the] courts the final discretion" to decide whether an offender should be declared a sexual predator. State v. Benitez, 395 So.2d 514, 519 (Fla.1981); but cf. Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999).
Of course, the state might have been able to allay these fears about the statute if the separation of powers issue had been presented in this case. I have raised the issue here not merely to identify a potential problem, but also to suggest how the problem might be avoided by a simple change in the statute. As this case illustrates, section 775.21(5)(a) creates an inflexible rule that will stigmatize some offenders who are not within the three distinct classes of offenders the Legislature targeted in section 775.21(3)(a).[3] The Legislature could avoid this shortcomingand a separation of powers argument as wellby allowing the trial courts limited discretion to determine whether an offender meets the statutory criteria. On the other hand, if the Legislature prefers a mandatory rule that applies without regard to the nature of the crime or the offender's record, there is no reason to require that the declaration be made by a judge. In that event, the declaration that a person is a sexual predator could be made administratively by the Department of Corrections.
NOTES
[1] Respondent alleges that this is a scrivener's error on the judgment and that respondent's plea was nolo contendere.
[2] Section 775.21(3)(a) (1997) provided as follows:

Repeat sex offenders, sex offenders who use physical violence, and sex offenders who prey on children are sexual predators who present an extreme threat to the public safety. Sex offenders are extremely likely to use physical violence and to repeat their offenses, and most sex offenders commit many offenses, have many more victims than are ever reported, and are prosecuted for only a fraction of their crimes. This makes the cost of sex offender victimization to society at large, while incalculable, clearly exorbitant.
[3] The defendant was a college student with no prior criminal record. After an evening of drinking, he had sexual intercourse with another student who had passed out and therefore did not give her consent. Because the defendant was guilty of sexual battery on a person physically helpless to resist, a first degree felony, he qualified as a sexual predator.