GRIFFIN, J.
Humberto Cabrera [“Cabrera”] appeals the denial of his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm.
On April 22, 2003, Cabrera was convicted of one count of sexual battery against a mentally defective person, two counts of lewd and lascivious behavior, and two counts of battery. The trial court then dismissed the battery counts and sentenced Cabrera to serve twenty years in the Department of Corrections on the sexual battery charge, and sixty days in the county jail on the lewd and lascivious behavior counts. The sentences were to run concurrently. The trial court also found that Cabrera qualified as a sexual predator.
Cabrera incorrectly asserts on appeal that he was illegally sentenced as a sexual predator. He was convicted of committing the first-degree felony of sexual battery on a person, who by reason of a mental disease or defect, was incapable of appraising the nature of her conduct. § 794.011(l)(b),(4)(e), Fla. Stat. (2003). This is one of the crimes enumerated under the Florida Sexual Predator Statute, section 775.21(4)(a)l.a, Florida Statutes (2003):
The felony is a capital, life, or first-degree felony violation, or any attempt thereof, of s. 787.01 or s. 787.02, where the victim is a minor and the defendant is not the victim’s parent or guardian, or s. 794.011, s. 800.04, or s. 847.0145, or a violation of a similar law of another jurisdiction ...
[Emphasis supplied]. Cabrera contends that to be designated a sexual predator, he must have committed the crime against a minor. As the trial court correctly noted in its order, the requirement under section 775.21(4)(a)l.a, Florida Statutes (2003), that the victim be a minor applies only to the offenses of kidnapping and false imprisonment. Under the clear terms of the sexual predator statute, the trial court was required to designate Cabrera as a sexual predator. See State v. Dugan, 685 So.2d 1210, 1212 (Fla.1996); State v. Curtin, 764 So.2d 645, 647 (Fla. 1st DCA 2000).
AFFIRMED.
PALMER, C.J. and TORPY, J., concur.