PER CURIAM.
On appeal, Appellant asserts that the trial court erred in denying his motion to modify his designation as a sexual predator, because his plea specifically provided that he would be designated as a sexual offender.
Appellant pled guilty to sexual battery on a helpless victim, pursuant to section 794.011(4)(a), Florida Statutes (2010). The Plea of Guilty form, signed by Appellant, his counsel, and the trial court, stated there was no agreement as to the sentence. The form specifically checked that Appellant would be designated as a sexual offender, not a sexual predator.
During the plea colloquy and the sentencing hearing, the parties and the court spoke in terms of Appellant being designated as a sexual offender, and did not reference or request that Appellant be designated as a sexual predator. Following the sentencing hearing, the trial court entered an order designating Appellant as a sexual predator. In response to this order, Appellant filed a motion to modify his sexual predator designation to a sexual offender classification. The trial court denied the same. We affirm.
Our binding precedent has held that the Florida Sexual Predator Act is mandatory, and a trial judge must designate an individual as a sexual predator if the statutory criteria are established. See State v. Curtin, 764 So.2d 645 (Fla. 1st DCA 2000); see also Kelly v. State, 795 So.2d 135 (Fla. 5th DCA 2001). Section 775.24(2), Florida Statutes (2010), also makes clear that a court may not enter an order approving a plea agreement that exempts a person who meets the criteria for designation as a sexual predator. Thus, the trial court was required to designate Appellant as a sexual predator, because Appellant met the sexual predator criteria by pleading guilty to sexual battery on a helpless victim. Whether Appellant was properly informed that such a designation was mandatory *143 was not raised below, and thus we do not address that issue here.
AFFIRMED.
VAN NORTWICK, THOMAS, and ROBERTS, JJ., concur.