GRIFFIN, J.
The State of Florida appeals an order in which the trial court declared unconstitutional the portion of section 831.28(2)(a), Florida Statutes (2012), that makes it a crime to possess a counterfeit payment instrument. The State argues that the trial court erred by declaring that portion of the statute unconstitutional because the trial court was required to construe the statute in a manner that would preserve the statute’s constitutionality.
On August 24, 2011, Appellee, Brian Thomas, was arrested for trespassing after receiving a warning. According to the probable cause affidavit, at the time of the arrest, Thomas was carrying a suitcase containing “35 checks with other persons’ names on them, blank check stock, a printer and Florida identification that did not belong to Thomas.” Subsequently, Thomas was charged with eight counts of counterfeiting a payment instrument and possessing a counterfeit payment instrument in violation of section 831.28(2)(a). Thomas filed a motion to dismiss the information in accordance with Florida Rule of Criminal Procedure 3.190. In his motion, Thomas argued that the statute is facially unconstitutional because it creates strict liability for possessing a counterfeit payment instrument.
Section 831.28(2)(a) provides:
It is unlawful to counterfeit a payment instrument with the intent to defraud a financial institution, account holder, or any other person or organization or for a person to have any counterfeit payment instrument in such person’s possession. Any person who violates this subsection commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775, 084.
(Emphasis added). The trial court found that this subsection consisted of two parts: the first makes it unlawful for a person to counterfeit a payment instrument with intent to defraud, but the second makes it unlawful for a person simply to possess any counterfeit payment instrument. The trial court further found that the second part was a facially unconstitutional strict liability statute.
The crux of the State’s argument on appeal is that the Legislature meant to make it unlawful for a person to possess a counterfeit payment instrument with the intent to defraud — just as it had made it unlawful for a person to manufacture a counterfeit payment instrument with the intend to defraud — and, read as such, the statute would present no constitutional issue.
*1135 When considering the constitutionality of a statute, a court must first look at the language of the statute itself. See State v. Dugan, 685 So.2d 1210, 1212 (Fla.1996); Miele v. Prudential-Bache Sec., Inc., 656 So.2d 470, 472 (Fla.1995). Section 881.28, Florida Statutes (2012), titled “Counterfeiting a payment instrument; possessing a counterfeit payment instrument; penalties,” provides as follows:
(1) As used in this section, the term “counterfeit” means the manufacture of or arrangement to manufacture a payment instrument,[1] as defined in s. 560.103, without the permission of the financial institution, account holder, or organization whose name, routing number, or account number appears on the payment instrument, or the manufacture of any payment instrument with a fictitious name, routing number, or account number.
(2)(a) It is unlawful to counterfeit a payment instrument with the intent to defraud a financial institution, account holder, or any other person or organization or for a person to have any counterfeit payment instrument in such person’s possession. Any person who violates this subsection commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.088, or s. 775.084.
(b) The printing of a payment instrument in the name of a person or entity or with the routing number or account number of a person or entity without the permission of the person or entity to manufacture or reproduce such payment instrument with such name, routing number, or account number is prima facie evidence of intend to defraud.
(3)This section does not apply to a law enforcement agency that produces or displays counterfeit payment instruments for investigative or educational purposes.
The State contends that “the logical legislative intent of the ... statute is that it is unlawful for a person to counterfeit a payment instrument or to have any counterfeit payment instrument in such person’s possession with intent to defraud .... ” Thomas responds that both a plain reading of the statute and principles of statutory construction require this Court to interpret the statute exactly as it is written. “The legislature is presumed to know the meaning of words and the rules of grammar, and the only way the court is advised of what the legislature intends is by giving the generally accepted construction, not only to the phraseology of an act, but to the manner in which it is punctuated.” State v. Bodden, 877 So.2d 680, 685 (Fla.2004) (quoting Florida State Racing Comm’n v. Bourquardez, 42 So.2d 87, 88 (Fla.1949)). Accordingly, “[courts] are not permitted to apply [their] own construction or re-arrange the words or add punctuation marks that will result in a departure from the natural meaning of the language used.” Wagner v. Botts, 88 So.2d 611, 613 (Fla.1956). “[W]hen the statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent.” Id. (quoting Borden v. East-European Ins. Co., 921 So.2d 587, 595 (Fla.2006).
The analysis to be applied in this case mirrors the analysis that the Florida Supreme Court applied in State v. Bradford, *1136 787 So.2d 811 (Fla.2001). In Bradford, the Florida Supreme Court determined that section 817.284(8), Florida Statutes (1997), did not include an “intent to defraud” element. Section 817.284(8), Florida Statutes (1997), provided, in pertinent part:
It is unlawful for any person ... to solicit any business ... for the purpose of making motor vehicle tort claims or claims for personal injury protection benefits required by s. 627.736. Any person who violates the provisions of this subsection commits a felony of the third degree ....
The Bradford Court noted: “Obviously, there is no mention of fraud as an element of the offense.” Id. at 817. The Court continued: “Because we conclude that the language of this statute is facially clear and unambiguous, our analysis need not proceed any further.” Id. The court said that the “legislative use of different terms in different portions of the same statute is strong evidence that different meanings were intended.” Id. at 819. In Bradford, intent to defraud was not mentioned in subsection (8), but was included in other subsections. The Court observed: “It is evident that the Legislature knew how to include intent to defraud as an element, and it could have easily done so with respect to subsection (8) if it so wished.” Id. at 819.
The State argues that the missing “intent to defraud” language does not necessarily mean that the Legislature purposefully excluded intent to defraud as an element of the possession offense. It may be true that the Legislature meant to include “intent to defraud” as an element of the possession offense but did not pay close enough attention to the manner in which the statute was drafted. Indeed, although the section as a whole is poorly written, it plainly says that the mere possession of a counterfeit payment instrument is a felony.
According to Thomas, because the statute expressly makes otherwise innocent and protected conduct unlawful, the second portion of subsection (2)(a) is unconstitutional. For example, interpreted as written, if an independent contractor took a payment instrument as payment for work he provided without knowing such payment instrument was counterfeit, he would violate section 831.28(2)(a). Also, the innocent — even beneficial — use of a “counterfeit” check for demonstrative, educational or ceremonial purposes would be criminalized.
Thomas is correct that the portion of section 831.28(2)(a) criminalizing the mere possession of a counterfeit payment instrument is facially unconstitutional. The Legislature may not enact a criminal statute that violates substantive due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Florida Constitution. Criminalizing the mere possession of counterfeit payment instruments criminalizes behavior that is otherwise inherently innocent and thus violates substantive due process. Although “[t]he due process clauses of our federal and state constitutions do not prevent the legitimate interference with individual rights under the police power, [they] do place limits on such interferences.” State v. Saiez, 489 So.2d 1125, 1127 (Fla.1986). Where the individual rights at issue are not fundamental rights, the test for the constitutionality of a legislative enactment is whether the means selected by the Legislature have a reasonable and substantial relation to the object sought to be attained and shall not be unreasonable, arbitrary, or capricious. See id. at 1128.
In Saiez, the Florida Supreme Court was asked to determine whether criminal *1137 izing the mere possession of embossing machines designed to reproduce instruments purporting to be credit cards was unconstitutional. The Saiez Court held that it was. First, the Saiez Court acknowledged that the Legislature had enacted a ban on embossing machines as an attempt to curtail credit card fraud and that “[t]here is no question that the curtailment of credit card fraud is a legitimate goal within the scope of the state’s police power.” Id. However, the Court held that “[i]t is unreasonable to criminalize the mere possession of embossing machines when such a prohibition clearly interferes with the legitimate personal and property rights of a number of individuals who use embossing machines in their businesses and for other non-criminal activities.” Id. at 1129.
Although, as the Saiez Court noted, “there are instances where the public interest may require the regulation or prohibition of innocent acts in order to reach or secure enforcement of law against evil acts,”[2] this is not such a case. Simply by drafting the statute to include an intent to defraud, the Legislature can accomplish its purpose without infringing on innocent or protected conduct. The trial court correctly found the portion of section 831.28(2)(a) criminalizing the mere possession of a counterfeit payment instrument to be unconstitutional.
AFFIRMED.
TORPY, C.J., concurs.
BERGER, J., concurs specially, with opinion.

. Under section 560.103(29), Florida Statutes (2012), "payment instrument” means "a check, draft, warrant, money order, travelers check, electronic instrument, or other instrument, payment of money, or monetary value whether or not negotiable. The term does not include an instrument that is redeemable by the issuer in merchandise or service, a credit card voucher, or a letter of credit.”

. Saiez, 489 So.2d at 1129 n. 3.