IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

       Appellant,

v.

CHANEL NICOLE MENDEZ,

       Appellee.

Case No.  5D15-4102

_____/

Opinion filed June 24, 2016

Appeal from the Circuit Court
for Orange County,
Alan S. Apte, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellant.

James S. Purdy, Public Defender, and
Nicole Joanne Martingano, Assistant Public
Defender, Daytona Beach, for Appellee.

EVANDER, J.

The State appeals an order vacating Chanel Nicole Mendez' conviction for counterfeiting a payment instrument or possessing a counterfeit payment instrument in violation of section 831.28(2)(a), Florida Statutes (2014).[1] In granting Mendez' motion to

---

[1] Section 831.28(2)(a), Florida Statutes, provides:

vacate her conviction, the trial court cited our decision in *State v. Thomas*, 133 So. 3d 1133 (Fla. 5th DCA 2014), where we held that the portion of section 831.28(2)(a) criminalizing mere possession of a counterfeit payment instrument was facially unconstitutional. We reverse. In the instant case, Mendez pled guilty to an information that charged her with counterfeiting a payment instrument *or* possessing a counterfeit instrument. Although Mendez may subsequently be determined to be entitled to withdraw her plea, it was error for the trial court to grant Mendez' motion.

Mendez was charged by information on February 17, 2015, with grand theft (Count I) and counterfeiting a payment instrument or possessing a counterfeit instrument (Count II). The second count of the information read, in relevant part:

> CHANEL NICOLE MENDEZ, between the 30th day of November, 2014 and the 24th day of December, 2014, in said County and State, did, in violation of Florida Statute 831.28(2)(a), counterfeit a payment instrument or possess a counterfeit instrument, to-wit: A CHECK, specifically: A CHECK number 13652, dated 12-12-2014, in the amount of $376.41, with intent to defraud [name of victim].

On May 20, 2015, Mendez pled guilty to both counts and, pursuant to the agreed-upon recommendation from the State, received concurrent twenty-four month probationary sentences. Subsequently, when facing a violation of probation charge, Mendez moved to vacate her conviction on Count II based on *Thomas*. In opposing the motion, the State argued that Mendez had been charged with the criminal offense of

---

> It is unlawful to counterfeit a payment instrument with the intent to defraud a financial institution, account holder, or any other person or organization or for a person to have any counterfeit payment instrument in such person's possession. Any person who violates this subsection commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

2

counterfeiting a payment instrument, as well as the nonexistent offense of possession of a payment instrument.

The inclusion of the language "or possess a counterfeit instrument" in Count II of the information was, as the trial court noted below, improper given our earlier decision in *Thomas*. However, the State's error does not, in and of itself, necessitate that Mendez' conviction be set aside. Based on the limited record before us, it cannot be determined whether Mendez knowingly and voluntarily pled guilty to the crime of counterfeiting a payment instrument or whether her plea was the result of a mistaken belief that she could be convicted of the nonexistent crime of possession of a counterfeit payment instrument. Indeed, Mendez' motion did not even address this issue.

If Mendez entered the plea involuntarily, then the appropriate remedy would be to permit her to withdraw her plea, vacate the conviction on Count II, and grant the State the opportunity to file an information that charges only a valid offense. *See Pass v. State*, 922 So. 2d 279, 282 (Fla. 2d DCA 2006) (holding that postconviction court erred in failing to vacate convictions and sentences where movant had pled to nonexistent offenses; on remand, State may charge movant with valid offenses in lieu of nonexistent offenses).

REVERSED and REMANDED.

ORFINGER and EDWARDS, JJ., concur.

3